In re LESSER et al.

(District Court, S. D. New York, February 16, 1901.)

1. BANKRUPTCY—DISCHARGE—CONCEALMENT OF ASSETS.

After the appointment of a trustee in bankruptcy proceedings, the concealment of assets which were not turned over to a receiver previously appointed by a state court, and who is entitled to possession of such assets, is equally a concealment from the trustee, and warrants the refusal of a discharge to the bankrupt.

2. SAME—FALSE OATH—SPECIFICATION CONFORMED TO PROOF.

A willfully false statement in the schedule of a bankrupt that all his property has gone into the possession of a state receiver, when in fact he has property which he did not turn over to such receiver nor schedule, constitutes the making of a false oath, which debars him from the right to a discharge. The specification may be conformed to the proof.

In Bankruptcy. On application for discharge.
See 100 Fed. 433.

Blumenstiel & Hirsch, for bankrupts.

Anderson & Anderson, Black, Olcott, Gruber & Bonynge, Epstein Bros., Hays, Greenbaum & Hershfield, and Stickney, Spencer & Ordway, opposed.

BROWN, District Judge. In opposition to the discharge of the bankrupts, the objecting creditors allege concealment of assets and a false oath in regard thereto. Upon the evidence taken by the referee, he finds an undoubted large concealment of assets by the bankrupts, and the evidence seems to justify that finding; but the referee does not sustain the specifications, for the reason that prior to the bankruptcy proceedings, in a suit in the state court between the partners, a receiver was appointed by the state court, who took possession of a large part of the assets; and as that receiver has never been discharged, he holds that it is the receiver who is entitled to whatever the bankrupts concealed, and that consequently there has not been a concealment of assets from the trustee in bankruptcy within the language of section 29b (1).

1. This is a technicality which ought not to shield the bankrupts from the consequences of their fraudulent acts or to defeat the intention of the bankrupt law. After a trustee has been appointed in bankruptcy proceedings a concealment of assets which have not been turned over to a previous receiver, is equally a concealment from creditors, the actual beneficiaries, whether through a receiver or through a trustee, so that the intention of the law is equally thwarted. As respects a discharge, I think the law should be applied according to its spirit and intent, rather than according to the letter alone.

It has already been adjudged, however, by the state court of appeals that the partnership suit in the state court and the appointment of a receiver therein, were fraudulent and void as against creditors. Under this adjudication I do not see how any proceedings could be taken to enforce further payments to the receiver of the assets withheld by the bankrupt, or how the receiver could thereafter be entitled to them; so that since that adjudication, at least,

if not before, the concealment was virtually and in effect a concealment from the trustee in bankruptcy, who from that time was entitled to any assets undisposed of under the receivership.

2. Besides this, moreover, the schedules of the bankrupts, in reciting with some fullness the partnership suit and the appointment of a receiver therein, state explicitly that

"Any and all property of any kind or description whatsoever, and all assets of any nature whatsoever, and all property in which your petitioners had any interest or equity whatsoever then remaining, went into the possession or under the control of the state receiver."

Upon the testimony and the findings of the referee, this statement must be held to be willfully false. The specification although not couched in the precise language to refer to this particular statement, is so nearly akin to it in alleging a false oath in respect to turning over all the petitioners' property, that the discharge should on that ground at least, be refused, and the specification be allowed to be amended in that respect to conform to the proof.

Discharge refused.