ant acquired title should be fully and sufficiently stated; that on the face of the complaint complainant has title and an adequate remedy at law by suit in ejectment; that no facts justifying the interposition of a court of equity exist; and that the complainant has not sufficiently excused his delay in bringing this action.

While it seems very doubtful whether complainant upon the hearing will be able to establish sufficient facts to fix upon the defendant the character of a trustee of the complainant, and very probable that it may be estopped by delay in asserting its rights during the time the property was being developed and its value proved, yet, upon the allegations, the acts of said Phelps, in acting for his own individual interest against the parties whose interest as receiver he was bound to protect, were contrary to his official duty, and the proceedings of himself and his brother as an attorney as alleged were contrary to the duty which they owed to the complainant..

The demurrer is overruled, and the defendant required to answer. The question of laches, as well as all the other questions involved, can better be decided when the facts are fully proved on final hearing.

### In re LIPSET et al.

#### (District Court, S. D. New York. December 5, 1902.)

1. BANKRUPTCY—HEARING BEFORE REFEREE—EXCLUDED TESTIMONY—RECORD.
   Under General Orders in Bankruptcy No. 37 (32 C. C. A. xxxvi, 89 Fed. xiv), providing that in proceedings in equity instituted for the purpose of carrying into effect the provisions of the act, or for enforcing the rights or remedies given by it, the equity rules of the supreme court of the United States shall be followed as nearly as may be, it is the duty of a referee in bankruptcy to take down all excluded testimony, and make the same a part of the record, with his ruling on the objections, and also the exceptions which may be taken notice of in connection with such testimony.

In Bankruptcy. The following is the opinion of Referee WISE:

I, Morris S. Wise, one of the referees of said Court in Bankruptcy, and to whom had been referred the issues arising on specifications. filed in opposition to the application for the discharge of the bankrupts herein, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to said proceedings:

The counsel for opposing creditors having a witness under examination propounded a question as follows:

"Q. Did Mr. Levittan at any time refer you to Mr. Milch or introduce Mr. Milch to you as his representative in the transactions?"

Counsel for the bankrupts objected to the question as immaterial, incompetent, irrelevant and leading. Such objection was sustained and an exception noted in favor of the opposing creditors. The witness was then directed to answer the question, the same to be taken subject to the objection and exception.

Counsel for the bankrupts then interposed the following objection: "I object to the witness being compelled to answer after my objection is sustained, and I ask you to certify to the district judge the question whether, notwithstanding an objection is sustained by the referee, it is proper practice to compel the witness to answer and to incorporate such answer in the records."

And the said question is certified to the judge for his opinion thereon.

I have held that the said question should properly be answered in the affirmative and that the proper practice is notwithstanding that an objection

is sustained, to have the question objected to answered, and the answer incorporated in the records for the following reasons:

The question certified to the honorable district judge is a very simple one and yet it is of considerable importance in view of the fact that no express decision has been made upon the point involved in this district.

General Orders in Bankruptcy No. 37 (32 C. C. A. xxxvi, 89 Fed. xiv), provides as follows:

"In proceedings in equity instituted for the purpose of carrying into effect the provisions of the act or for enforcing the rights or remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be. * * *"

The rule in equity applicable to the taking of depositions is Rule 67 as amended, and that rule was passed upon by the United States Supreme Court in the well known case of Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521. See, also, Ridings v. Johnson, 128 U. S. 212, 9 Sup. Ct. 72, 32 L. Ed. 401. And the reason for having the record include evidence which would otherwise be excluded was well considered in the able opinion of Circuit Judge Lacombe in Appleton v. Ecaubert, (C. C.) 45 Fed. 282. And that learned judge pointed out that if the appellant tribunal should reach the conclusion that the court erred in excluding evidence, it would have to remand the case for the taking of additional proof in respect to the suppressed deposition.

That the practice pursued herein is the proper one has also the authority of the text writers.

Foster's excellent work on Federal Practice, volume 1, (2d Ed.) page 506, states the rule for the proper taking of evidence as follows:

"The examiner must note all objections and exceptions to questions and answers and take the testimony subject to them, but can not decide on their validity." Loveland, Bankr. 502, has the following: "It would, therefore seem that referees have power to pass upon the competency, relevancy or materiality of any question in the course of an examination subject to have the question reviewed by the judge upon certificate. The more convenient practice would seem to be for the referee to make his rulings and thereupon require the question to be answered. If his ruling be against the question and the court should reverse his finding, it would not be necessary to have a re-examination of the witness. If the court should affirm such ruling, the answer may properly be disregarded."

And in the opinion of Brandenburg, the author of another excellent text book on the present bankrupt law, it was held:

"The same rule would doubtless apply under this act as under a similar provision of the act of 1867, where it was held that the register had no power to decide on the competency, materiality or relevancy of any question, and therefore had no power to exclude any question." Citing In re Rosenfield, 1 N. B. R. 60, Fed. Cas. No. 12,059; In re Bond, 3 N. B. R. 2, Fed. Cas. No. 1,618; Brandenburg. Bankr. p. 420.

The same rule was laid down by the honorable district judge for the Southern District of California, who in a very long and well considered opinion, decided that "a hearing before a referee under the bankrupt act of 1898 is in the nature of a hearing in equity and is governed by the rules in equity practice of the Federal Courts both as to the hearing itself and as to the review by the judge, and that it is the duty of the referee, although he must pass on objections to testimony, to cause all testimony excluded to be taken down and made a part of the record, with the rulings and exceptions noted; and upon a review, the judge is not required to reverse the decision because of the erroneous admission or exclusion of evidence, but it becomes his duty to determine the issues de novo upon the competent evidence in the record, or he may recommit the case for further hearing as the circumstances may require." In re De Gottardi (D. C.) 114 Fed. 328.

This practice naturally, may lead at times to some abuses on the part of parties who may desire to obstruct or unduly prolong examinations, but it was expressly provided by General Orders No. 22 (32 C. C. A. xxv, 89 Fed. x) that the court "shall have power to deal with the costs of incompetent, immaterial or irrelevant depositions or parts of them as may be just," which is substantially an incorporation of a similar provision found in the sixty-

seventh rule of the practice in equity as amended of the United States Supreme Court.

The referee will of course, also be in a position to protect witnesses in the exercise of their constitutional privilege, and for any abuse of the power of unduly expanding an examination the court will speedily find a remedy therefor by the imposing of the full costs and expenses occasioned by such undue exercise of the power of examination.

An additional reason why in this particular instance the ruling of the referee was correct may be found in the fact that the referee in this case, sitting as special commissioner on the hearing of testimony offered in support of the specifications filed in opposition to the discharge of the bankrupts, is acting not in the capacity of referee in bankruptcy, but in the advisory capacity, such as a special master in chancery or as a standing examiner of the court (Fellows v. Freudenthal, 4 Am. Bankr. R. 490, 42 C. C. A. 607, 102 Fed. 731).

And such officials in the taking of testimony, under the equity practice of the United States courts, invariably take all answers given by witnesses to all questions asked of them.

Joseph H. Harris, for bankrupts.
Rudolph Marks, for objecting creditors.

ADAMS, District Judge. The witness should answer and the answers be incorporated in the minutes.

The referee's opinion correctly states the law in the matter.

---

WONG HIM v. CALLAHAN et al.

(Circuit Court, N. D. California. December 5, 1902.)

No. 13,245.

1. SCHOOLS—CHINESE—SEPARATE SCHOOLS—CONSTITUTIONAL RIGHTS.
   Pol. Code Cal. § 1662, provides that, where separate schools have been established by the school trustees for children of Mongolian descent, such children must not be admitted into any other schools. *Held* that, regardless of the motive in the enactment of the statute, where the Chinese schools offered the same advantages as the other schools, the operation of the law was not a violation of Const. U. S. Amend. 14.

2. DECREE—DEFAULT—COMPLAINT—INSUFFICIENT ALLEGATIONS.
   Though a defendant may be in default, the complainant is not entitled to a decree pro confesso where the allegations of his complaint are insufficient to support a decree in his favor.

George D. Collins, for complainant.

DE HAVEN, District Judge. The question presented to the court for decision at this time arises upon complainant's motion for a decree pro confesso under equity rule 18. The complainant is an infant, and native-born citizen of the United States, of Chinese parentage, and seeks in this action, brought by his father as prochein ami, for a decree against the principal of the Clement Grammar School in the city and county of San Francisco and the members of the board of education of that city and county, restraining them from preventing the admission of the complainant into the Clement Grammar School as a pupil. The bill alleges that all children, irrespective of age and

¶ 2. See Equity, vol. 19, Cent. Dig. § 958.