### In re WILDE'S SONS.

(District Court, S. D. New York. June 9, 1904.)

1. BANKRUPTCY—REFEREES—JURISDICTION—ADMISSIBILITY OF EVIDENCE—RULINGS.

Since a referee in bankruptcy is required not only to take evidence, but to determine issues of fact and law based thereon, he has power to exclude inadmissible evidence offered under objection.

2. SAME—HEARINGS—PRESENCE OF REFEREE.

A referee in bankruptcy, having power to rule on the admissibility of testimony offered before him, is bound to personally hear the evidence, unless his presence is waived by the parties.

In Bankruptcy.

Morris J. Hirsch, for Bennett & Co., creditors.
Smith & Bowman, for trustee.

HOLT, District Judge. This motion involves the question whether a referee in bankruptcy has any power to exclude evidence. As I understand it, an officer appointed to simply take testimony for the use of the court—as, for instance, an examiner in an equity suit—has no jurisdiction to exclude or pass upon testimony. Unless the parties refer any question of the admission of testimony to the court, he is obliged to take all that is offered. But I think that whenever any officer is appointed whose duty it is to take evidence, and also to exercise any judicial duty in regard to it—as to decide issues or to state the facts or law in an opinion or report—it is his right and his duty to exclude inadmissible evidence upon objection. Why should he admit evidence which it would be his duty to disregard if admitted? Substantially all the cases in which evidence is taken by referees in bankruptcy, either in their character as referees or as special commissioners, are cases in which they either decide questions outright, or draw conclusions from the evidence in the shape either of a report or an opinion, and I think that in all such cases the referee has the right to exclude evidence which he deems inadmissible. If error is committed by such exclusion, any party interested can take up the matter immediately on a certificate, or can urge the alleged error on final hearing. I am aware that there are authorities to the contrary for which I feel sincere respect, but none of them is necessarily controlling upon me, and I am not able to concur with them. The delay and expense of a bankruptcy system under which a referee has no power to exclude testimony, however irrelevant, is so great that such a method of procedure should not be permitted unless the principles of law absolutely require it. In my opinion, they do not require it in proceedings before referees in bankruptcy.

The determination of the question whether a referee in bankruptcy has power to pass upon testimony substantially determines the question whether he should be personally present when it is taken.    Formerly examiners in equity suits usually took down the testimony in longhand, but under the modern practice the actual taking down of the testimony is usually performed by a clerk or stenographer.    Under these circumstances, as the examiner has no power to rule upon testimony, the only substantial necessity for his presence is to administer the oath to the witness, and in actual practice it frequently occurs in such cases that, after administering the oaths, he does not remain personally present.    But a judicial officer, who is to decide upon the effect of testimony, in my opinion, is bound to personally hear the evidence, if required by any interested party.    A referee in bankruptcy, therefore, in my opinion, is bound to be personally present when evidence is taken which he is to pass upon, unless, in the case of purely formal evidence, his presence is waived.

I decline to make any direction in reference to closing the reference in this case.    That matter is left to the discretion of the referee.