## In re KNASZAK.

### (District Court, W. D. New York. February 8, 1907.)

### No. 1,342.

1. BANKRUPTCY—HEARING BEFORE SPECIAL MASTER—RULINGS.

It is the duty of a special master to whom has been referred a bankrupt's petition for discharge and specifications of objection thereto, to take and report all testimony offered with his rulings as to its admissibility, and he may properly reserve such rulings if they are made in time to enable the parties to reserve exceptions.

2. SAME—DISCHARGE—AMENDMENT OF SPECIFICATIONS OF OBJECTION.

An opposing creditor may amend his specifications of objection to a bankrupt's discharge by supplying allegations that the acts relied upon were knowingly and fraudulently committed by the bankrupt at any time before the evidence is closed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 716.]

3. SAME—RIGHT TO DISCHARGE—VIOLATION OF ACT.

Findings of a special master, based on conflicting evidence, that a bankrupt had concealed property and made false oath with intent to defraud his creditors, which debarred him from the right to a discharge, affirmed.

In Bankruptcy. On application for discharge.

M. W. Casey, for bankrupt.

Charles Newton, for objecting creditor.

HAZEL, District Judge. The questions presented to the court for decision arise upon the application of the bankrupt to set aside the report and findings of William H. Hotchkiss, special master, to whom the petition for discharge and specifications of objections thereto were referred, and for an order discharging the bankrupt upon exceptions to the report duly filed.

It was not error for the special master to have reserved decision as to the admissibility of the testimony under the insufficient specifications. His duty was to take and report the evidence in aid of this court, and return the same, together with the rulings as to its admissibility. In re Lipset (D. C.) 119 Fed. 379. His tentative rulings do not appear to have been prejudicial to the bankrupt, especially as the objections were passed upon before the close of the case and exception reserved to him. At the hearing, counsel for the bankrupt repeatedly insisted that a decision be made upon his preliminary objection to the specifications but

he did not take advantage of rule 12 of the bankruptcy rules for this district, which plainly indicates the practice in this jurisdiction, as applied to a defective or insufficient specification filed in opposition to the bankrupt's discharge. The rule substantially states that upon notice to the opposing creditor the specifications may be made more definite and certain by the court, or the bankrupt may demur to them or move their dismissal, and in default thereof such specifications shall be deemed sufficient to present the question suggested thereby. But, irrespective of this rule, the omission by the opposing creditor to allege that the acts complained of were knowingly and fraudulently committed by the bankrupt was seasonably supplied by amendment before the evidence was closed. In re Pierce (D. C.) 103 Fed. 64; In re Bemis (D. C.) 104 Fed. 672. This court undoubtedly had the right to amend the specifications at any stage of the case. It has even been held that under certain circumstances they may be amended to conform to the proofs. In re Lesser (D. C.) 108 Fed. 205.

The objection that the deposition of the bankrupt was not authenticated, and that after transcription it was not read over to him or signed by him is unavailing, because the objection was not sufficiently specific. If it had been, doubtless the stenographer or person taking the testimony would have been sworn to show that such testimony was correctly taken and transcribed, and if that had been done the signing of the testimony would have been unnecessary. In re Bard (D. C.) 108 Fed. 208.

Numerous other objections were urged, but they require no special attention. The record does not show that any injustice or prejudice has resulted to the bankrupt. He had ample opportunity to give testimony in his own behalf and explain the assertions and claims of the objecting creditor, but he did not avail himself of his legal rights in that regard. He relied upon his asseveration that the special master was without power to receive and consider any evidence under the original specifications, on the ground that they were insufficient. The point is suggested that, as the bankrupt was not cross-examined, his direct testimony could not be used against him. He was not deprived of being sworn in his own behalf, but he practically declined to do so, and he has not applied to this court for leave to give additional testimony. The facts elicited before the master justify the findings that the bankrupt offended against the provisions of the bankrupt act in that he concealed his property and made false oath with intention to defraud his creditors. As such facts are fully stated in the report of the master, it will not be necessary to repeat them. They are based on conflicting testimony, and, in their ascertainment, much depended upon the credibility of the bankrupt. The master was of opinion that no reliance whatever could be given to such of the bankrupt's testimony as was before him. In these circumstances, the record containing other credible evidence to sustain the specifications, the findings of the special master should not be disturbed.

The petition for discharge must be denied.