### In re JOHNSON.

(District Court, D. South Dakota, S. D. November 17, 1911.)

BANKRUPTCY (§ 413*)—DISCHARGE—AMENDMENT OF OBJECTIONS—DISCRETION OF COURT.

A court of bankruptcy has no discretion to permit the amendment of specifications of objection to the discharge of a bankrupt after the expiration of the 10 days allowed for the filing of such specifications by general order in bankruptcy No. 32 (89 Fed. xiii, 32 C. C. A. xxxi) by adding an entirely new ground of objection, which presents a new and distinct issue.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 413.*]

In the matter of Nels P. Johnson, bankrupt. On motion for leave to file amended specifications of objection to discharge. Motion denied.

Aikens & Judge, for objecting creditor.
Bailey & Voorhees, for bankrupt.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ELLIOTT, District Judge. Nels P. Johnson was adjudicated a bankrupt on the 8th day of March, 1910. At various times thereafter the bankrupt attended before the referee in bankruptcy and was examined by the attorney for the creditors, and on the 2d day of May, 1910, filed an application for discharge. On the 2d day of June, 1910, objections were filed by the sole creditor. August 10, 1910, answer to specifications was by leave of the court filed by the bankrupt. On the 10th day of August, A. D. 1910, specifications thereunder were referred to the referee in bankruptcy as special master to hear and report upon such issue. On the 11th day of November, 1911, the attorney for the objecting creditor made a motion for leave to file amended specifications, copy of which, together with an affidavit, was submitted with his moving papers.

Said affidavit sets forth the proceedings that had been taken, and further stated, in substance, that after reference to the master as above stated no move was made by bankrupt, and that he concluded that bankrupt had abandoned his application for discharge, owing to such delay; that the testimony of the bankrupt, taken at the first meeting of the creditors, disclosed certain testimony with reference to said property of the bankrupt, and that he, the attorney for the objecting creditors, did not ascertain that it would be possible to get the evidence of the person referred to upon such examination with reference to the property concerned in such examination until the week preceding the time of making the application for the amendment, and that the testimony of such witness would substantiate specification numbered 7 in the proposed amended specifications; that his application was made in good faith; that he referred to the transcript of the testimony of the bankrupt, given at the first meeting of creditors, on file. Said affidavit further stated that at such hearing the bankrupt committed the offense of knowingly and fraudulently making a false oath in relation to his property and estate in the particulars therein set forth, and set forth at length in the proposed amended specifications.

While there has been what would appear upon its face to be an unreasonable lapse of time, upon which the court, without examination, would naturally conclude that the opposing creditors had been guilty of laches, and for that reason ought not to be heard at this time upon this application to file amended specifications, the circumstances attending the conduct of this proceeding by those in charge of the interests of the bankrupt are shown to be such that for the purposes of this hearing I am satisfied that I may, in the exercise of a reasonable discretion, excuse the delay, and consider this motion as if it had been made without an unreasonable delay after the 10-day limitation prescribed by No. 32 of the general orders in bankruptcy.

The court further finds that this application is made by the creditor in good faith, and that the amendment proposed by the amended specifications is of and concerning a matter material and pertinent to the inquiry and investigation upon the application of the bankrupt for a discharge. I further find that the proposed amendment is not for the purpose of making the original specifications, which were

filed within the 10-day limitation specified, more definite and certain, is not for the purpose of perfecting a defective specification, is not a mere amplification by the supplying of details of charges which are substantially stated in the original, is not and does not pretend to present merely a detail of that which had been previously stated in outline. The court finds that No. 7 of the amended specifications, being the amendment desired by the applicant, as a matter of fact, is an amendment which presents a new issue, and is an issue not included within the original objections; that the said proposed amendment numbered 7 relates to a state of facts none of which are within the issues made by the filing of the original objections, and sets out entirely new matter constituting an additional, separate, and independent objection to the discharge of the bankrupt.

It has been my purpose to give the greatest breadth and liberality to my interpretation of the equity rules in the federal courts. In my construction of the rights of litigants under them, I hope to make such use of the discretion that I find vested in me as will promote justice and fair dealing. I think the law should be applied according to its spirit and intent, rather than according to the letter alone. The right of a creditor to oppose the discharge of his bankrupt debtor is substantial and important, and the requirement of specifications filed within a time prescribed is part of the orderly procedure necessary to a judicial determination of the propriety of the bankrupt's discharge.

A liberal right of amendment accorded in all proceedings, whether in equity or at law, is important to the parties in a case such as this. The original objections, when filed in this case, were in the nature of a declaration, and, when filed, an issue was presented between the creditor and the bankrupt. An amendment to these objections, that serves the purpose of amplifying, making more definite, or making specific the objections that have been filed, objections of which the original objections gave due notice, simply an amendment to make this effective should in my judgment be allowed at any stage of the proceedings. I can find no authority, however, for the exercise of a discretion, or that discretion is vested in the court, authorizing an amendment of this kind, raising a new issue, at this stage of these proceedings. It is too late for the allowance of this amendment offered by the objecting creditor, after the expiration of the 10 days limited by order No. 32 (89 Fed. xiii, 32 C. C. A. xxxi) of the general orders in bankruptcy, for the reason that this proposed amendment goes further than to bring forward and make effective that which was in some shape already within the terms of the objections filed. In re Peck (D. C.) 120 Fed. 977; In re Mercur (D. C.) 116 Fed. 655; In re Pierce (D. C.) 103 Fed. 65; In re Gift (D. C.) 130 Fed. 230.

I have duly considered opinions seeming to indicate a different conclusion, as follows: In re Lesser (D. C.) 108 Fed. 205; In re Knaszak (D. C.) 151 Fed. 503; In re Nathanson (D. C.) 152 Fed. 586; In re Carley, 117 Fed. 132, 55 C. C. A. 146. Upon an earnest consideration of these cases and others of like import, I can find no justification for assuming discretion to permit the filing of an amendment under the conditions outlined in this case, presenting an entirely new

issue. It may, in my judgment, be fairly inferred from all that appears in the statement of facts in these cases and others of the same character, where the right to amend has been sustained, that the proposed amendment did not present an entirely new issue.

The application for leave to file amended specifications is denied.