### In re HARRISON BROS.

(District Court, M. D. Pennsylvania. June 28, 1912.)

#### No. 2,028.

BANKRUPTCY (§ 225*)—PROCEEDINGS BEFORE REFEREE—RULINGS ON EVIDENCE.

On a hearing or examination before a referee in the ordinary course of bankruptcy proceedings, in which he acts as a judicial officer, he is not required to hear and record all testimony offered, but, where objection is made to the competency of the witness or the admissibility of the evidence, it is his duty to rule thereon.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 384; Dec. Dig. § 225.*]

In the matter of Harrison Bros., bankrupts. On certificate for review of order of referee. Reversed.

H. S. Knight, of Sunbury, Pa., and W. E. Haines, of Williamsport, Pa., for bankrupt.

Jackson & Rhone, of Williamsport, Pa., for trustee.

WITMER, District Judge. In proceeding on a petition or rule to show cause why certain assets alleged to be concealed by the bankrupt, should not be turned over to the trustee, testimony was taken before Arthur A. Smith, referee in bankruptcy, to whom the matter had been originally referred.

While examining, on behalf of the trustee, one of the bankrupts, Benjamin Harrison, his attorneys objected to certain questions directed

to him. The referee sustained the objection assigning as a reason that:

"The evidence attempted to be adduced having been taken under another proceeding in this case, all of which testimony, so far as the same might be relevant to the issue then before the court, was admitted as evidence before the referee in the proceedings then before him."

The referee, then, after noting the objection and entering his ruling, directed the witness to answer the question. He declined to answer, under advice of counsel, and appealed from the ruling of the referee bringing here, on certificate, for answer, "whether a referee has the power, under such a proceeding before him, to rule upon the admissibility offered; or is it his duty to admit all evidence offered, whether under objection or not."

Judge McPherson in Re Ruos (D. C.) 20 Am. Bankr. Rep. 288, 159 Fed. 257, says:

"Where a question arises concerning the competency of a witness or the admissibility of evidence, the referee should decide the point himself in the first instance, instead of turning the matter over to the court. It will be time enough to certify the question when he is asked to do so in a proper manner. Very often his ruling will be acquiesced in, and the delay in referring the dispute to the court will thus be avoided."

To the same effect is the sound reasoning and conclusion in Re Wildes Sons (D. C.) 11 Am. Bankr. Rep. 715, 131 Fed. 142.

It is true that some courts have reached a contrary conclusion requiring the referee to hear and record everything that is offered, regardless of how relevant he may consider it. A careful examination of these cases, however, will disclose the fact that in most every instance where this ruling was made the referee was acting as a commissioner, or special master, to take testimony to report to the court. In re Lipset (D. C.) 9 Am. Bankr. Rep. 32, 119 Fed. 379; In re Romine (D. C.) 14 Am. Bankr. Rep. 789, 138 Fed. 840; In re Isaacson (D. C.) 23 Am. Bankr. Rep. 665, 175 Fed. 292; Bank of Ravenswood v. Johnson, 143 Fed. 463, 74 C. C. A. 597. It must be conceded that there is a vast difference in the authority of the referee sitting as referee in a judicial capacity vested and clothed with the duties conferred by the act on courts of bankruptcy, and, as such, sitting in his capacity as a commissioner to take testimony or as a special master. He is sitting in the former capacity when he is presiding in any proceeding which was originally instituted before him in the course of bankruptcy after reference. Such as a general examination, a proceeding to turn over concealed assets, proceedings to allow, or reject, or expunge a claim, etc. He is sitting in the latter capacity when in the course of bankruptcy a specific proceeding, instituted before another referee or before the district judge, and the matter is referred to him to take the testimony and report. Such is his capacity when he is taking testimony upon objections to a discharge, and when he is taking testimony as a commissioner to be read in evidence in a case pending before another referee. When acting in the former capacity his duties are judicial clothed with judicial powers, while under the latter they are but ministerial. When acting in this judicial capacity, he is regarded

as a judicial officer, invested with the same powers and duties in bankruptcy matters as a district judge, having full power, no doubt, to exclude irrelevant testimony.

If this is not the law, to use the language of Remington on Bankruptcy (vol. 1, p. 336):

"If referees are without power to exclude questions and answers, license will run wild in the referees' hearings, and very bedlam be let loose. It is easy enough to say all questions and answers are to be taken down and objections be simply noted, all for the convenience of possible review, the exceptional case, but the carrying out of the doctrine would lead to insufferable abuses."

And the same author says on page 929:

"A rule compelling the referee on general examination of bankrupts and witnesses, to take down answers although the question be incompetent and the answers improper, would lead to interminable confusion, and would practically give over such examinations into the absolute control of the examiner, leading to the possibility of intolerable abuse."

But it is contended by all the reported cases that hold a contra view that the proposition is controlled by general order No. 22 (89 Fed. x, 32 C. C. A. xxv), as follows:

"The examination of witnesses before the referee may be conducted by the party in person or by his counsel or attorney, and the witnesses shall be subject to examination and cross-examination, which shall be had in conformity with the mode now adopted in courts of law. A deposition taken upon an examination before a referee shall be taken down in writing by him, or under his direction, in the form of a narrative, unless he determines that the examination shall be by question and answer. When complete it shall be read over to the witness and signed by him in the presence of the referee. The referee shall note upon the deposition any question objected to, with his decision thereon and the court shall have power to deal with the costs of incompetent, immaterial, or irrelevant depositions, or parts of them, as may be just."

A careful analysis of this order is convincing that it does not sustain the conclusion. The first clause relates to the examination of witnesses before the referee acting as a judicial officer and prescribes how that examination shall be conducted, viz., "by examination and cross-examination," and then provides how and in what order and manner this examination and cross-examination shall be conducted, viz., "in conformity with the mode now adopted in courts of laws." This part only relates to the examination of witnesses in open court orally; and in this there is nothing inconsistent with our conclusion.

The remainder of the order relates to "depositions." Now a deposition, says Cyc. vol. 13, page 832, is "Testimony taken out of court under authority which will enable it to be read as evidence in court, and has no relation to oral testimony taken in court or before a master." To the same effect is Factory v. Corning, 7 Blatchf. 16, Fed. Cas. No. 14,197. It does not relate to testimony taken before the court or tribunal where the proceedings were instituted and conducted. To adopt a contrary conclusion would imply that the Supreme Court had been exceedingly lax in the use of technical legal words and terms and this we will not assume.

The order directing the witness to answer is reversed and he need not answer unless it should hereafter appear in his further examination that, in the judgment of the referee, the testimony sought to be elicited is material and relevant.