## In re MAGEN et al.

(District Court, E. D. Pennsylvania. December 10, 1914.)

### No. 3641.

1. BANKRUPTCY (§ 414*) — DISCHARGE — OBJECTIONS — BOOKS OF ACCOUNT — FAILURE TO KEEP.

That cash sales, even when payment was received in the presence of the bankrupts' bookkeeper, were purposely and intentionally omitted from the books, was sufficient to sustain a specification of objection to the bankrupts' discharge for failure to keep books of account from which their financial condition could be ascertained.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. § 414.*]

2. BANKRUPTCY (§ 413*)—DISCHARGE—OBJECTIONS—PROOF—VARIANCE.

Failure of the trustee to prove the whole amount alleged in specifications of objection to the bankrupts' discharge, alleging concealment of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r·Indexes

assets, failure to account for assets, and fraudulent omission of property from schedules, was not material.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. § 413.*]

**3. BANKRUPTCY (§ 413*)—APPLICATION FOR DISCHARGE—OBJECTION—RULINGS OF REFEREE.**

Where specifications of objection to the bankrupts' discharge were filed with the referee, an objection that his report set out a synopsis thereof, instead of setting them out in full, was frivolous.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712–718, 725, 727; Dec. Dig. § 413.*]

**4. BANKRUPTCY (§ 415*)—APPLICATION FOR DISCHARGE—HEARING—EVIDENCE—OBJECTIONS—WAIVER.**

An objection to the introduction in evidence, on hearing of objections to bankrupts' discharge, of the bankrupts' testimony taken in their general examination, except as against the bankrupt whose testimony was introduced, etc., not made before the referee, is not available on exceptions to the referee's report, adverse to the application to discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–708, 719, 723, 724, 726, 728; Dec. Dig. § 415.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Morris Magen and another, trading as the Magen Bros. Company. On exceptions to referee's report sustaining specifications of objection to the bankrupts' discharge. Overruled. Report confirmed.

Julius C. Levi, of Philadelphia, Pa., for objecting creditors.
Bernard Harris and Henry N. Wessel, both of Philadelphia, Pa., for bankrupts.

THOMPSON, District Judge. The referee recommends that the first, fourth, tenth, and eleventh specifications of objection to the discharge of the bankrupts be sustained. The bankrupts filed 16 exceptions to the referee's report; the first, second, third, fourth, and fifth being based upon alleged error in specific findings of fact. The testimony amply sustains the findings of the referee to which the second, third, fourth, and fifth exceptions are directed.

[1] The first exception is:

"(1) Because the learned referee erred in finding as a fact 'that the bankrupts instructed their bookkeeper not to enter cash sales, and that this method of not entering cash sales entirely falsified the books, and made it impossible to ascertain from them the bankrupts' true condition.'"

There does not appear to be any direct evidence of instructions, as such, from the bankrupts to their bookkeeper not to enter cash sales; but there is ample evidence to show that the cash sales (and in cash sales the bankrupts included those paid for by money, checks, and notes), even when payment was received in the presence of the bookkeeper, were purposely and intentionally omitted from the books. The grounds of the first exception are immaterial, as the evidence amply justifies the referee's first formal finding of fact in support of the first specification of objection, viz.:

"That the bankrupts have, with intent to conceal their true financial condition, and in contemplation of bankruptcy, failed to keep books of account from which such condition might be ascertained."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There was, therefore, no error as charged in the sixth exception, in recommending that the first specification of objection be sustained.

As to the fourth specification of objection, charging removing, transferring, and concealing, merchandise amounting to not less than $75,000 and upwards, or permitting the same to be done, with intent to hinder, delay, and defraud creditors, the referee finds that the bankrupts transferred, removed, destroyed, or concealed assets to the amount of $40,808.96.

As to the tenth specification of objection, charging failure to account for assets to the value of $116,067.06, the referee finds that the bankrupts have failed to account for assets to the amount of $40,808.96.

As to the eleventh specification of objection, charging that the bankrupts knowingly and fraudulently omitted property to the value of $116,067.06 from their schedules in bankruptcy, and fraudulently concealed it from their trustee, the referee finds that the bankrupts knowingly and fraudulently omitted property of the value of $40,808.96.

[2] The evidence amply sustains the findings of the referee as to the amount of the assets under the fourth, tenth, and eleventh specifications, being $40,808.96. The failure of the trustee to prove the whole amount alleged in the specifications of objection is not material in passing upon the right of the bankrupts to be discharged. In order to make the specifications conform to the proof, however, the fourth, tenth, and eleventh specifications of objection may be amended, so that the figures therein set forth may conform to the fact proved as found by the referee. In re Lesser (D. C.) 108 Fed. 205; In re Knaszak (D. C.) 151 Fed. 503.

The referee was not in error, therefore, as charged in the seventh, eighth, and ninth exceptions.

[3] The charge in the tenth, eleventh, and twelfth exceptions, that the referee erred in setting forth specifications of objection not identical with those actually filed by those creditors, is frivolous, as the specifications of objection filed were before the referee, and, in referring to them in his report, he set out a synopsis of them, instead of setting them out in full.

[4] The thirteenth exception charges that the referee erred in recommending the sustaining of the first, fourth, tenth, and eleventh exceptions without sufficient proof. Under that exception, under the first to ninth, inclusive, and the fifteenth and sixteenth exceptions, it is argued that the referee should not have considered the testimony of the bankrupts taken in their general examination, except as against the bankrupt whose testimony was introduced, nor the testimony of other parties taken before the referee. Counsel for the bankrupts cites in support of this position the recent decision of this court in the Case of Malschick & Levin, 217 Fed. 492 (In Bankruptcy, No. 3915), in which an opinion was rendered October 29, 1914. In Malschick & Levin objection upon that ground was made at the time the testimony was offered, and its admission was against objection throughout the hearing before the referee. In the present case the testimony of the bankrupts was offered and received without objection upon that

ground; the only ground of objection being as stated by their counsel as follows:

"Mr. Levi: I offer in evidence, in support of the specifications filed in opposition to the discharge of the bankrupts, the testimony of each of the bankrupts taken before you under this proceeding, and since the case has been referred to Richard S. Hunter, Esq., referee in bankruptcy.

"Mr. Harris: I object to the offer, on the ground that the proceedings, and the first meeting of creditors, and continuations thereof, were never adjourned sine die; that at no time were the bankrupts given an opportunity to either revise, amend, or correct their testimony, nor has counsel for the bankrupts been given an opportunity to cross-examine them upon such points as he may deem proper to cross-examine them, for the purpose of elucidating points in their favor. The testimony has never been signed, as far as I recollect, and the specific charges contained in the specifications of objection should be borne out by such testimony as would bear directly upon the points at issue.

"Mr. Levi: I offer in evidence the evidence of all other parties outside of the bankrupts taken before the referee.

"Mr. Harris: I ask that I be given an opportunity to examine the testimony, and, if necessary to make objection to this offer."

Opportunity was afforded to examine the bankrupts, and after their examination by their counsel in this proceeding no further objection was made to the testimony taken in the original proceeding. The bankrupts must therefore be deemed to have waived objection upon the ground now stated.

The general exceptions (14, 15, and 16), charging that the findings of the referee are against the law, against the evidence, and against the weight of the evidence, are without merit.

An order will be entered allowing the fourth, tenth, and eleventh specifications of objection to be amended to conform with the proof as to amounts found by the referee, and thereupon the exceptions to the referee's report will be dismissed, the report confirmed, the first, fourth, tenth, and eleventh specifications of objection sustained, and the petition of the bankrupts for their discharge denied.