## In re HUROWITZ.
### No. 55093.

District Court, D. Massachusetts.

Feb. 20, 1935.

Samuel Pearl, of Peabody, Mass., for bankrupt.

Edward Ankeles, of Peabody, Mass., for objecting creditor.

BREWSTER, District Judge.

Bankrupt's petition for a discharge having been objected to and specifications of objections having been filed, the petition was referred to a referee in bankruptcy, who heard the parties and who has reported the facts to this court.

Before the hearing, but after the petition had been referred to the referee, the objecting creditor filed an amendment by way of substituted specifications which set forth new grounds of objections wholly distinct from those originally specified.

The bankrupt moved, before the referee, that the amendment be denied and that the same be stricken from the record. Bankrupt's motions were dismissed by the referee who proceeded to take evidence offered in support of the additional grounds and found that two of the grounds specified in the amendment, but not in the original specification, were sustained.

I do not find it to be a matter of record that the referee formally allowed the motion to amend, and I am assuming that he was following the practice, which has heretofore prevailed, of receiving the amendment and sending it up with his report for approval or disapproval by the judge. It seems to be settled that the referee has no power to grant amendments to specifications of objections. Collier on Bankruptcy (13th Ed.) p. 505.

Before the amendment of April 24, 1933, to General Order in Bankruptcy 32, 11 U.S.C.A. following section 53, the prevailing authority was to the effect that amendments could not be allowed after the time fixed for filing specifications if the amendments set up new issues or new matter constituted additional or separate objections to the discharge. Collier on Bankruptcy, supra; In re Johnson (D.C.) 192 F. 356.

In the case of In re Mercur (D.C.) 116 F. 655, 657, the court stated: "The right to amend can go no further than to bring forward and make effective that which is in some shape already there."

Under the amended rules, it has been held that the court is without authority to permit a creditor opposing an application for a discharge to file his specification after the return day of the notice of the filing of the application. Lerner v. First Wis. Nat. Bank of Milwaukee, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796.

In view of the rule and of the decision upon it, it would seem to be improper to allow a creditor to circumvent the avowed purposes of the act by setting up, in an amendment, grounds of objection which were in no way related to any of the grounds set out in the original specification.

It does not follow that amendments may not be allowed if their purpose is to clarify the grounds or to bring them into conformity with the language of the statute. In re Weston (C.C.A.) 206 F. 281; In re Knaszak (D.C.) 151 F. 503.

The case of Schlesinger v. Phillips (C.A.) 36 F.(2d) 191, cited by the objecting creditor, arose in Texas, where they have a rule of court by virtue of which a petition for discharge is, at the outset, referred to the referee with whom the objections are filed. Even under that order of court it was held that the amendments to the specifications were subject to the approval of the court upon the coming in of the referee's report.

No such rule of court has been adopted in this district. Moreover, that case arose in 1929 before the adoption of the amended rule.

Because of the amended general order (No. 32, 11 U.S.C.A. following section 53)

and the decision in the Lerner Case, amendments to specifications should be carefully scrutinized before allowance, and the better practice would seem to be to file all such motions to amend in the court rather than with the referee, and to present them to the judge for consideration before hearings upon the bankrupt's petition for discharge.

It follows, in view of the foregoing, that the bankrupt is entitled to his discharge.