## In re TAUB.

District Court, S. D. New York.
Aug. 17, 1937.

Stanley H. Rubinowitz, of New York City, for bankrupt.

Jacob Marx, of New York City, in pro. per.

MANDELBAUM, District Judge.

This is a review of a referee's report. Eight specifications of objections to the discharge of the bankrupt were filed by a sole objecting creditor. Thereafter the matter was duly referred to a referee in bankruptcy. Disposition of specifications I to VII, inclusive, and specification VIIIa, b, c, and e were made either by consent of the parties or for failure of proof. The referee's recommendations with regard to the aforementioned specifications are adopted by the court and accordingly confirmed. Specification VIII, which is in issue, sets forth:

"VIII. The bankrupt has made false oaths in the pending bankruptcy action in respect to the following matters:

"d. That the bankrupt has insurance policies with the Equitable Life Assurance Society of the United States, bearing Nos. 2494,269 and 4563,576, which policies under the date of the adjudication had a cash surrender value of One Hundred Sixty-eight and 78/100 ($168.78) Dollars, which the bankrupt did not list among his assets."

The bankrupt moved to dismiss this specification, urging that the making of a

false oath is not in itself a ground for refusing a discharge, but that the oath must have been made "knowingly and fraudulently." It is well settled that this contention is correct. In re Patterson (D.C.) 121 F. 921; In re Slocum (C.C.A.) 22 F.(2d) 282, 285; Humphries v. Nalley (C.C.A.) 269 F. 607; Sharcoff v. Schieffelin & Co. (C.C.A.) 70 F.(2d) 725, 726.

The referee, on application of the objecting creditor, granted a motion to amend the said specification so as to include therein the words "knowingly and fraudulently" in order to bring the specification within the Bankruptcy Act (11 U.S.C.A.).

The referee, in his certificate to this court, presents the question in the alternative. He says: "In the event that the Judges shall be of the opinion that the amendment of Specification VIII was timely and proper, then the undersigned is of the opinion that the testimony establishes that the bankrupt made a false oath in that he failed to include in this schedule of the assets, insurance policies with the Equitable Life Assurance Society of the United States, bearing numbers 2494269 and 4563576, which had a cash surrender value at the time of the bankruptcy, as appears by the testimony of Joseph S. Schmitt, an approver of claims with the Equitable Life Assurance Society (S.M.pp. 9–15)."

Alternatively, if the amendment to specification VIII was improper, then: "In the opinion of the undersigned (Referee) the failure to allege that the false statements were knowingly and fraudulently made, leaves the specification without alleging any charge upon which to predicate a denial of the discharge."

After reading the cases cited by both the bankrupt and the objecting creditor and independently examining other authorities, it is my opinion the referee properly permitted the amendment to specification VIII. While it is true that generally a referee in bankruptcy has no power to grant amendments to specifications of objections (Gilbert's Collier on Bankruptcy, [4th Ed.] p. 291), it appears that he may permit an amendment if the purpose is to clarify the grounds or bring them into conformity with the language of the statute. In Re Hurowitz, 14 F.Supp. 71 (1935), Judge Brewster of the Massachusetts District Court said:

"In view of the rule and of the decision upon it, it would seem to be improper to allow a creditor to circumvent the avowed purposes of the act by setting up, in an amendment, grounds of objection which were in no way related to any of the grounds set out in the original specification.

"It does not follow that amendments may not be allowed if their purpose is to clarify the grounds or to bring them into conformity with the language of the statute. In re Weston (C.C.A.) 206 F. 281; In re Knaszak (D.C.) 151 F. 503." See, also, In re Certo, 26 A.B.R.(N.S.) 437.

Since the amendment merely changes the specification to conform to statutory language, I hold the amendment to be proper.

Regarding the testimony as to whether the false oath was knowingly and fraudulently made, very little need be said on that score. I think that the referee's findings in the affirmative are amply sustained by the evidence.

In accordance with the view expressed, specifications numbered I to VII, inclusive, and VIIIa, b, c, and e are dismissed and specification VIIId is sustained. The bankrupt is accordingly denied his discharge.