**UNITED STATES of America,**
**Plaintiff,**
v.
**Stanley S. LIEBERMAN, Defendant.**

United States District Court
S. D. New York.

Oct. 13, 1961.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for plaintiff, Herbert Bruce Greene, Asst. U. S. Atty., New York City, of counsel.

Joseph A. Solovei, Brooklyn, N. Y., for defendant.

METZNER, District Judge.

Defendant moves to dismiss the indictment and for an inspection of the grand jury minutes.

Defendant is charged with having violated Section 152 of Title 18 U.S.C., in that he knowingly and fraudulently testi-

fied falsely under oath before a referee in bankruptcy who was conducting an examination under Section 21, sub. a of the Bankruptcy Act (11 U.S.C.A. § 44). Defendant voluntarily appeared for examination without the necessity of having an order entered.

The affidavits submitted by and on behalf of the defendant show that the referee was not physically present at the examination nor did he administer an oath to the defendant. The oath was administered by the stenographer reporting the hearing, who was a notary public. The affidavit in opposition submitted by the government does not deny these facts except to refer to a court docket entry that the matter had been referred to the referee by order of a judge of this court. The government strongly resists examination of the grand jury minutes. In this posture, the court will accept defendant's affidavits as stating the true facts.

Section 152 provides that "Whoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding" is guilty of a crime. This is a broad section, since the crime is making a false oath in relation to any proceeding in bankruptcy. However, the indictment specifically charges that the false oath occurred when the defendant

> "appeared as a witness before the Honorable Herbert Loewenthal, Referee in Bankruptcy, in the United States District Court, Southern District of New York, at an examination under Section 21a of the Bankruptcy Act * * *"

and at such time "Referee Loewenthal was conducting an examination of the acts, conduct and property" of an adjudicated bankrupt.

■■ Section 21, sub. a provides:

> "The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, *to appear before the court* or before the judge of any State court, *to be examined* concerning the acts, conduct, or property of a bankrupt * * *." (Emphasis supplied).

Appearance before "the court" means a judge or a referee of the court of bankruptcy. Bankruptcy Act, § 1(9) (11 U.S. C.A. § 1(9)); In re Pottasch Bros. Co., 2 Cir., 1935, 79 F.2d 613, 101 A.L.R. 1182. The referee conducting the examination was sitting in a judicial capacity, vested and clothed with the duties conferred by the act on courts of bankruptcy. Section 38(2) of the Bankruptcy Act (11 U.S. C.A. § 66(2)); General Orders in Bankruptcy, 12(1), 11 U.S.C.A. following section 53; 2 Collier, Bankruptcy ¶22.05, at 410 (14th ed. 1961); In re Harrison Bros., D.C.M.D.Pa.1912, 197 F. 320.

■ It is clear that the referee must be present during the taking of a Section 21a examination. In re Wilde's Sons, D.C.S.D.N.Y.1904, 131 F. 142; In re Eskay, 3 Cir., 1941, 122 F.2d 819; 5 Remington, Bankruptcy § 1993 (5th ed. 1953); 17 J. Nat'l Ass'n Referees 127 (1943).

The Eskay case, supra, is particularly in point. The referee had filed a certificate with the district court alleging that a witness in a Section 21, sub. a examination was refusing to tell what he knew. Based on the certificate, the district judge signed an order to show cause why the witness should not be adjudged guilty of contempt. The record of the examination indicated that the referee absented himself five times during the examination. The court said:

> "These positive departures being proved, we think that the rather attenuated presumption of due performance of an official duty no longer supports his absence." (122 F.2d at pages 824–825).

The court found that a criminal contempt is the appropriate remedy to punish false swearing by evasion and that the alleged contemner could not be guilty of such charge in the absence of the referee.

■ Similarly here, defendant cannot be charged with a false oath made before a referee who was conducting a hearing when in fact the referee was never present. Again referring to the Eskay case (122 F.2d at page 825):

> "Clearly, the appellant here was not in the presence of someone who was absent when the appellant was present."

Motion granted. Indictment dismissed. So ordered.