In re ANDREWS.

(District Court, D. Massachusetts. April 30, 1904.)

No. 8,277.

1. BANKRUPTCY—EXAMINATION OF THIRD PERSONS—RIGHTS OF CREDITOR.
  Bankr. Act July 1, 1898, c. 541, § 21a, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], while it authorizes the court on a creditor's application to summon a third person for examination regarding the affairs or estate of a bankrupt, does not give a creditor an unqualified right to demand the issuance of such a summons, the awarding of which is in all cases discretionary.

In Bankruptcy.

Warren & Garfield, for creditor.
Alexander Whiteside and Burton Payne Gray, for trustee.

LOWELL, District Judge. A creditor requested the trustees of the bankrupt estate to examine the bankrupt's former common-law assignee regarding his management and disposition of the bankrupt's property while in his hands. The trustees refused to take action as requested, whereupon the creditor applied for a summons to the assignee, proposing himself to conduct the examination. After a hearing, the referee refused to issue the summons, and the creditor has appealed to me. It may be taken that both the trustees and the referee believed that an examination was neither necessary nor desirable in the interest of the estate. No evidence has been certified by the referee, or introduced before me, and the referee's judgment must be affirmed unless every creditor has an unqualified right to examine third persons concerning the bankrupt estate. At the argument I told the appellant that he might have the evidence taken before the referee certified for my consideration, but he declined the offer, and elected to stand on his right to a summons irrespective of evidence. This right does not exist. Section 21a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), enables the court, upon a creditor's application, to summon a third person for examination; but this provision is not intended to give the creditor an unqualified right to demand the issuance of the summons. Ordinarily, the examination is made by the trustee, and after his appointment a creditor should ordinarily apply to him. If the trustee refuses to undertake the examination, the creditor may apply to the court for an order directing him to do so. To order the trustee to examine is manifestly a matter of discretion. Doubtless the creditor may apply to the court in order to carry on the examination himself, but the court is not wholly without discretion to refuse the application. The examination of third persons concerning the bankrupt estate is anomalous, and, if it were wholly beyond the control of the court's discretion, would be oppressive. See Lowell on Bankruptcy, § 147; In re Krueger, 2 Low. 66, Fed. Cas. No. 7,941; Ex parte Alexander, 1 De Gex, J. & S. 311; Chamberlain v. Hall, 3 Gray, 250. In the case at bar it is not unfair to presume that at the hear-

ing before the referee it was made to appear that the summons was applied for in an interest other than that of the bankrupt estate.

No opinion is here expressed concerning a trustee's right to examine any person or concerning a creditor's right to examine the bankrupt.

Judgment of the referee affirmed.