## RERAT v. FISK TIRE, Inc., et al.

Circuit Court of Appeals, Eighth Circuit.
October 16, 1928.

No. 296.

Harold W. Cox, of Minneapolis, Minn., for petitioner.

Kleve J. Flakne, of Minneapolis, Minn. (Ohman, Fryberger & Wangaard and Henderson, Stiles & Gates, all of Minneapolis, Minn., on the brief), for respondents.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

MARTINEAU, District Judge. Upon an involuntary petition filed by creditors, Eugene A. Rerat was adjudged a bankrupt. In due time he petitioned for a discharge, and January 23, 1926, was fixed as the day for creditors to enter their appearance in opposition thereto. On that day no creditor entered his appearance, but the trustee in this bankruptcy proceeding entered his appearance and was granted 10 days in which to file specifications of objections to the bankrupt's discharge. On that same day and at the same time there came on to be heard before the referee in bankruptcy the application of the trustee to oppose the discharge. Up to this time only 18 claims against the estate had been filed.

These claims amounted to several thousand dollars. A majority of them was co-operating with the trustee in resisting the bankrupt's discharge. On that day 25 additional small claims were filed by the attorney representing the bankrupt, for the evident purpose of resisting the application of the trustee to oppose the discharge. These claims amounted to only $500 or $600, and had not been previously scheduled. The trustee and the creditors co-operating with him were surprised. The case before the referee was continued to January 27, 1926, and a majority in number of the claims filed voted against the application of the trustee to oppose the discharge, and the referee denied the application and granted 10 days within which to file a motion for review.

On February 3, 1926, on the petition of three large creditors the District Court made an order extending the time for filing notices of appearances of creditors to February 6, 1926, and for filing specifications of objections to February 20, 1926. The court subsequently, after a hearing, overruled motions to set aside this order. This is a petition to review the order in matter of law.

The court's order permitted the entry of appearances of creditors, for the purpose of filing specifications of objections to the bankrupt's discharge after the day fixed to show cause. It is earnestly insisted by petitioner that General Order in Bankruptcy 32 (set out under 11 USCA § 53) is in effect a statute of limitation, and that the court has no power to enlarge the time for entering the creditors' appearance beyond the return day itself. This question was directly passed upon in Re Levin (C. C. A.) 176 F. 177, and in a well-reasoned opinion it was there held that "the judge may, in his discretion, extend the time for entering an appearance as well as for filing the specification, and may do so after the time has expired, as well as before." With the conclusion reached in that case we concur.

While the power to extend the time

should be cautiously exercised, we think there was no abuse of that power here. The principal creditors had no reason to think that the petition of the trustee to oppose the discharge would be resisted until the filing of the 25 unscheduled claims by the attorney of the bankrupt. The surprise thus brought about by the unusual and unexpected conduct of the bankrupt was a sufficient reason for extending the time for the entry of appearance.

The petition to revise is therefore denied.