In re J. A. M. A. REALTY CORPORATION.
WILLCOX v. GOESS.

No. 90.

Circuit Court of Appeals, Second Circuit.
Nov. 4, 1935.

Morris Ehrlich, of New York City, for appellant.

Conboy, Hewitt, O'Brien & Boardman, of New York City (Bernard Sobol, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Goess, the appellee, is the receiver of a national bank, and against him Willcox, the trustee in bankruptcy, has brought a number of suits, still pending; he is also a creditor of the estate. As such, he obtained from the referee an order to examine one Hughes, on whose information Willcox relied, at least in part, in preparing his suits, and who, it is to be assumed, has told Willcox all that he knows, or at least all that Willcox wishes to learn. Goess' only possible purpose in asking for the examination is therefore to prepare his defense to the suits. Willcox moved before the referee to vacate the order and lost; he appealed to the judge and lost again; and now by leave he appeals to this court.

While an examination under section 21 (a), Bankr. Act (11 USCA § 44 (a), lies within the discretion of the referee, that may be reviewed in a proper case. We do not say that a creditor may never be able to examine a witness at his own expense, even though there be a receiver or a trustee; but at least he should ask that officer to examine and, if he refuses, show to the court that the refusal was unwarranted. In re Andrews (D. C.) 130 F. 383. In any event, the examination must be a part of the administration of the estate, to which it is necessarily only an ancillary remedy. The prosecution of the suits against Goess is not properly speaking a part of the administration of the estate; certainly the defense of them is not. Goess, as creditor, has no interest in that defense; quite the opposite. Yet it is only as creditor that section 21 (a) gives him any status. Perhaps he can examine Hughes before trial; that will depend upon the procedure of the court in which the suits are pending; but the irrelevant circumstance of his being a creditor gives him no advantage over other defendants in actions or suits brought by the trustee. He may not impede the interests of his fellow creditors by disguising himself as one of them.

Order reversed; order for examination vacated.