## NORTHEASTERN REAL ESTATE SE-CURITIES CORPORATION v. GOLDSTEIN.

### No. 469.

Circuit Court of Appeals, Second Circuit.

July 19, 1937.

See, also, In re Goldstein, 20 F.Supp. 403.

David Haar, of New York City, for appellant.

Frank, Weil & Strouse, of New York City (David W. Kahn, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Goldstein, the bankrupt, was adjudicated on his own petition on July 17, 1936, and filed his petition for a discharge on August 19th, the return day being fixed for October 14th. On that day the appellant, his only creditor except the bankrupt's wife, filed objections to which the bankrupt excepted, and which he moved to strike out. These objections consisted of (1) allegations of false swearing, specifying a number of instances; (2) the concealment of books; (3) specified fraudulent transfers; (4) the failure to explain his losses. The motion was denied, and the examination of the bankrupt which had not been concluded went on, and during it the creditor learned other facts which it thought good objections to the discharge, especially after the bankrupt attempted to "correct" what he had said before. The

creditor thereupon asked leave of the referee to amend the specifications, and the referee referred the question to the judge, from whose decision allowing some of the amendments and disallowing others the creditor has appealed by leave of this court. The proposed amendments were in part merely further particulars of the instances of false swearing and of the fraudulent transfers, already alleged; so far the judge allowed them. But the creditor also sought to introduce new instances of both, of which it first learned during the continued examination after the return day. These the judge refused to allow because they were in substance new objections.

■ A good deal of confusion has arisen from using the word "amendment" in two senses. Having once pleaded his objections, a creditor may no doubt, for good cause shown, make them more definite and certain, just as he may amend any other pleading. In re Hanna, 168 F. 238 (C.C.A.2); In re Finder, 61 F. (2d) 960 (C.C.A.2). But, if he adds a new objection, it is not properly an amendment. Before the change in General Order 32, 11 U.S.C.A. following section 53, the decisions tended to slur this distinction, because it was not important, for the court freely extended the time to file objections anyway. Thus in In re Carley, 117 F. 130 (C.C.A.3), and In re Nathanson (D.C.) 152 F. 585, it is impossible to tell what the so-called amendment really was. Apparently it concerned only the verification in Re Glass (D.C.) 119 F. 509. The only two decisions we have found in which the issue was squarely raised are In re Johnson (D.C.) 192 F. 356, and In re Schlesinger (D.C.) 31 F.(2d) 789, affirmed Schlesinger v. Phillips, 36 F.(2d) 191 (C.C.A.5); in the first the creditor was not allowed to add to his objections; in the second he was. Whatever may have then been the law, certainly if the power is limited to amendments properly speaking, a new objection is not an amendment merely because it is of the same class as those originally pleaded. Here, for example, the new specifications are none the less additional objections, because they were all either perjuries—"offenses" (Bankr.Act § 14b, subd. (1), as amended, 11 U.S.C.A. § 32 (b) (1)—or fraudulent transfers (subdivision (4), as amended 11 U.S.C.A. § 32 (b) (4), both of which the first specifications had included. In Re Finder, supra, 61 F.(2d) 960, no new facts were pleaded; the old were merely brought within a new legal frame. In re Lauria (D.C.) 18 F.Supp. 984, was not quite that; the facts had indeed been a little varied, but only by changing from the failure to keep a book to its destruction. Perhaps so much is permissible; but here the departures were much wider, were wholly new and separate occasions of wrongdoing, and, unless the creditor may plead new objections, the judge gave it all that it is entitled to.

■■ Since Lerner v. First Wisconsin National Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L. Ed. 796, several courts have considered whether new objections may be added. Judge Hincks held that specifications pleaded in the very language of the statute cannot be amended at all (In re Karp [D.C.] 11 F. Supp. 129); Judge Brewster that a new objection, plainly such, is not permissible (In re Hurowitz [D.C.] 14 F.Supp. 71); Judge Byers allowed the name of a new creditor to be added to those alleged to have been left out of the schedules (In re Schwartz [D.C.] 16 F.Supp. 993); Judge, Moscowitz thought that any new objection should be allowed in a proper case (In re Kuhne [D.C.] 18 F.Supp. 985). On authority the answer is not therefore altogether clear. In principle, so far as there can be said to be any principle about it, it seems to us that the bankrupt here is right. The abuse sought to be remedied by the amendment was the blackmail which had grown up, especially in compositions, because extensions of the time to file objections had become almost matter of course. To correct these Lerner v. First Wisconsin Nat. Bank, supra, interpreted the order literally, making it impossible for a creditor to file any objections after the return day. That would have set so extremely harsh a standard, however, that the opinion concluded by declaring that the return day might always be "postponed in view of the existing situation"; by which we understand that the creditor might show that for some good reason he was then unprepared to file his objections, and the judge might extend his time. Really the effect of the amendment was, therefore, no more than to change the procedure; the creditor must ask for an extension of the return day, instead of an extension of the filing day. This appears from the fact that the considerations which should govern an extension of the return day are the same as those which should have applied to extensions of time to file objections, but which too often were not applied in practice. In general they are whether the creditor has had enough time to bring the examination to a conclusion; whether anything has yet been unearthed

which should be followed up; whether the bankrupt has proved recalcitrant or appears to be trying either to rush, or to obstruct, the proceeding. If the creditor cannot show some excuse of that sort, there was no reason to delay the proceeding by enlarging his time to file specifications, and there will be none to extend the return day. There is, moreover, no more reason to do the last, if he files objections on the return day, than if he does not. Rather there is less, because, if he has uncovered something, it should lead him to anticipate more, and to state his grounds for delay at the same time; dishonest bankrupts seldom do things by halves. Therefore it seems to us that whatever gain has resulted from requiring the creditor to make his case for delay on the return day applies as much when he files objections and may wish to file more as when he files none. It imposes no greater hardship upon the creditor, on whom undoubtedly the amendment in any event imposed some risk, since he must make his case for an extension before he has the whole facts. That risk is not, however, very serious, for there is no reason to confine him to a single extension; if suspicious conduct transpires pending the period of the first, a second can always be granted. But to allow the creditor to add new objections after his time has once expired is to countenance nearly the same abuses as existed before, for it will be very easy to file something at the start and reserve the real controversy till later.

Finally, the creditor insists that, if it be not possible to add objections after the return day, section 15, Bankr. Act, 11 U.S. C.A. § 33 will be pro tanto repealed. The argument is that, if fraud comes to the notice of a creditor after that day but before discharge, by hypothesis he may not plead it; yet after the discharge is granted he may not plead it either, because it has come to his notice before discharge, and the section shuts it out. Section 15 must therefore imply that new objections may be interposed between the return day and discharge. We have said nothing to the contrary. If a creditor, who has failed to file any objection whatever on the return day, because he has been misled by the bankrupt's fraud into supposing that he has none, nevertheless discovers a good objection before the discharge is granted, he can apply to the court for leave to plead it. General Order 32 does not prevent that; the bankrupt's fraud is an excuse for his failure before discharge just as section 15 expressly makes it so, thereafter. The objection itself may be any-thing; fraud, perjury, or mere inability to account for the losses; all that is necessary is that it shall be a good objection and that the bankrupt's fraud shall have prevented its interposition. This is equally true as to a creditor who has pleaded some objections at the return day, but has been prevented from discovering others by the bankrupt's fraud; he too may plead them. It should be observed, however, that in all cases the fraud must thwart discovery of the objection; it has nothing to do with the objection itself.

Order affirmed.