### In re W. J. PINEAU CO., Inc.
### No. 254.

District Court, D. Massachusetts.
Sept. 19, 1939.

### In re MAURER TRADING CORPORATION.

District Court, S. D. New York.
April 13, 1939.

Krause, Hirsch & Levin, of New York City (George C. Levin, of New York City, of counsel), for James Talcott, Inc., and Benjamin C. Cohen.

Mordecai M. Richter, of New York City, for Trustee.

HULBERT, District Judge.

Benjamin Cohen has been cited for contempt upon a certificate of Referee in Bankruptcy, Irwin Kurtz, Esq., from which it appears that after having been duly sworn, he refused to answer any questions. The witness attempts to justify his refusal upon the ground that the attorney for the petitioning creditors instead of the attorney for the Trustee undertook to conduct such examination.

The assets in this estate are very meager and the petitioning creditors agreed to indemnify the estate and the official reporter provided their attorney was permitted to conduct the examinations of the witnesses before the Referee. The Referee thereupon required it to be stipulated that neither the attorney for the Trustee nor the attorney for the petitioning creditors would seek any compensation for services rendered in connection with such examination, and then determined that such a course was proper.

In the matter of J.A.M.A. Realty Corporation (Willcox v. Goess), 2 Cir., 79 F.2d 546, the court pointed out that an attorney for a creditor could, at his own expense, examine a witness under Section 21(a) of the Bankruptcy Act, 11 U.S.C.A. § 44(a), if the Trustee unreasonably refused to examine. Thus it would seem that the privilege of examining belongs to the Trustee. May he waive it in favor of the attorney for the petitioning creditors (who, in this case, had participated in an examination under Section 21(a) prior to the election of a Trustee) after petition and allowance of his application for leave to employ an attorney generally?

There is no injustice or lack of fairness to the witness in requiring him to submit to an examination by anyone interested in the estate so long as the questions are relevant and material.

Counsel for the witness contends that the ruling of the Referee is contrary to the spirit of General Orders in Bankruptcy, 11 U.S.C.A. following section 53, especially Order 44, and the decisions rendered thereunder.

As I view it General Order 44 was conceived and promulgated to avoid connivance and minimize the expense of administering bankrupt estates and not for the benefit of witnesses through whose examinations it is sought to disclose concealed assets or other irregularities in the bankrupt's affairs, and the authorities relied upon deal with efforts of counsel not specially authorized to act, to recover compensation.

The motion will be granted and a commitment issued unless the witness appears before the Referee and submits himself to examination. Settle order on two days' notice, and meanwhile arrange with the Referee for a day and hour when witness will be directed in said order to so appear.