## In re SIEGEL (two cases).

### Nos. 44353, 44354.

District Court, E. D. New York.

May 29, 1944.

Louis Stark, of New York City, for bankrupts, for the motion.

I. Robert Bassin, of Jamaica, N. Y., for trustee, opposed.

BYERS, District Judge.

These are two motions to affirm referee's orders sustaining exceptions to paragraph 4 of the second and third amended specifications of objection to discharge, in companion cases, which present but one question: hence one opinion will apply to both.

There is a narrow matter of construction presented, which can be understood only by quoting the original specification of objection, the amendments thereto, and the directions of the referee concerning leave to amend.

In its original form, the fourth specification read as follows:

"Fourth: That the bankrupt falsified books of account and records from which his financial condition and business transactions might be ascertained, to wit: falsified his books and records to show withdrawals of various sums of money for business purposes, whereas the said sums were not used for such purposes."

The foregoing was filed on February 11, 1944, pursuant to an order of January 27, 1944, fixing the first named date as that to which the time for filing specifications of objection was extended.

A hearing on exceptions conducted on March 15th developed that the fourth specification was objected to as being similar to the third, which alleged falsification of books of account and records to show the withdrawal of $7,000 for business purposes "whereas the said sum was not used for such purposes"—on the ground that the fourth is similar to the third and should be eliminated but, if the trustee intended to allege other than the said $7,000, he should so state. The ruling of the referee was:

"I will sustain your objection to that allegation. If it is intended that paragraph Fourth allege withdrawals of sums included in the $7,000 of the third allegation, then the allegation is objectionable for the reason that it would be repetitious If it is intended to allege sums other than the $7,000, then those other items should be alleged with particularity to enable the bankrupt to meet the issue."

At the end the following appears:

"By the Referee:

"I will grant the trustee's motion, that he have until the 24th of March to file amended specifications. Amended specifications, however, are not to enlarge the issues."

On March 24, 1944, amended specifications were filed, from which the following is quoted:

"Fourth: For the reason that he had destroyed, concealed or failed to keep or preserve, or mutilated or *falsified books of account or records from which his* as-

sets and liabilities might be ascertained, in that the bankrupt has caused or permitted original records to be removed from the bankrupt's place of business or residence to a place or places not now known to the Trustee, to wit: concealing a manuscript of a book intended to be published with the bankrupt's name as author, and concealing original files relating to matters in which the bankrupt was consulted in his capacity as insurance counselor, the value of all of which is not now known to the Trustee." (Italics supplied.)

It should be noted that the third specification referred to falsification of books and records to show the withdrawal of $7,000 for business purposes, whereas the said sum was not used for such purposes.

On March 29, 1944, there was a hearing on the amended specification, and the following appears in connection with the discussion as to the third:

"The Referee:

"I said that if it was intended that paragraph Fourth allege withdrawals of sums included in the third paragraph, then the allegation is objectionable.

"(Discussion off the record)

"The Referee:

"I will sustain the exception. The specification can be amended. Show the date when the amount of $7,000 was transferred or withdrawn, that is referring to paragraph Third."

As to the new fourth specification, the referee said:

"I hold that you cannot enlarge the scope of allegations at this time by including allegations which were not part of the original specification, which allegation enlarges the scope of the specification, and I so hold, whether the bankrupt is surprised or not, and, therefore, I sustain the exception. * * * I will sustain the exception as to all allegations of paragraph Fourth which *were not included in the original specifications.* * * *"

(By the Trustee) "May I have a week to file amended specifications, eliminating those to which exceptions were sustained—fourth and fifth?

"The Referee: I will grant you permission to *amend the amended specifications,* without enlarging the scope of the allegations, and serve them on the attorney for the bankrupts by April 3rd, 1944, and file them." (Italics supplied.)

On April 3, 1944, the second amended specifications were filed, including the following:

"4. That the bankrupt falsified books of account and records from which his financial condition and business transactions might be ascertained in that the books show payments to Security Publishing Corporation, when in fact no such payments were made. That the books show payments to Policyholders Advisory Council of Massachusetts, Inc. when in fact no such payments were made."

Exceptions to these specifications were the subject of a hearing on April 12, 1944. Objection was made on the part of the bankrupt that an entirely new specification numbered 4 had been inserted, and the referee said in part:

"* * * 4 of this amended specification is still the same heading—falsifying books of account and records, and the only thing 4 does is to amplify by giving additional details in connection with the alleged falsification. It is not a new cause of action in the sense, nor does it increase the scope of the allegation, because if he hadn't alleged falsification and then attempted to bring it in, that would be improper. He can still amend under the heading of falsification which does not enlarge the scope. This is additional."

Following a discussion off the record, the following appears:

"The Referee:

"I will overrule the bankrupt's exception, or deny his exception, to Paragraph 4, which he has taken on the ground that it is an enlargement of the scope of the specification. This I hold to be not so, since falsification of the books of account has already been alleged. The inclusion of the additional specific acts of falsification as alleged in paragraph 4 does not enlarge the scope of the specifications, merely furnishes additional alleged acts under the same heading of falsification, and is permissible."

On April 27, 1944, improperly noted as 1943, the third amended specifications were filed, number 4 of which reads:

"4. That the bankrupt falsified books of account and records from which his financial condition and business transactions might be ascertained in that the books show payments to Security Publishing Corporation, when in fact no such payments

were made. That the books show payments to Policyholders Advisory Council of Massachusetts, Inc., when in fact no such payments were made."

On April 27, 1944, when the third amended specifications were also filed, there was a motion for reargument to dismiss the second (and the third) amended specification addressed in part to paragraph 4 (the fourth specification), and the basis of the motion was that the fourth specification in its last amended form was not similar to the original fourth, because the first amended specification was a complete departure from the fourth as originally pleaded, and although the second and third amendments could be regarded as mere restatements in more particularized form of the original fourth, yet the latter should be deemed to have been abandoned because of the form in which the first amended fourth specification was cast.

And with that view, the referee was in accord, as his decision indicated, in that the first amended specification 4 "contained a new and different allegation not similar, nor intended to be similar, nor to refer to the same alleged acts of the bankrupt" as those pleaded in the original fourth specification.

By reason of the foregoing, the referee held that the original fourth specification had been abandoned and could not be revived in the second and third amendments.

The basic purpose of the fourth specification will be seen to have been to allege falsification of books, in one respect or another.

It will be observed that the first amended version of the fourth specification was not stricken, thereby eliminating any such numbered specification and moving up old number 5, but the fourth was retained with leave to amend it. That means, it could be brought into proper form to accord with its original purpose, and the second and third amendments thereof merely accomplished that purpose.

The decision seems too narrowly to circumscribe the successive leaves given to the trustee to amend his specification within the permissive limitations announced in Northeastern Real Estate S. Corp. v. Goldstein, 2 Cir., 91 F.2d 942.

It is true that the first amended fourth specification was disallowed on exception, but again the right of amendment was preserved, and so long as the initial pur-

pose of pleading facts to substantiate a claim of falsifying books and records was adhered to, it seems that in the interests of justice the amended specification number 4 in its final form should be sustained as a pleading, and the trustee be given an opportunity to present his evidence in support thereof, if he can.

The order of the referee will therefore be set aside and the trustee's petition to review will be sustained.

Settle order.