**RICHEY v. ASHTON.**

No. 10596.

Circuit Court of Appeals, Ninth Circuit.

June 26, 1944.

Laurence Berger, of Los Angeles, Cal., for appellant.

Carl Yanow, of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, adjudicated a bankrupt, appeals from an order of the district court affirming an order of the referee denying her discharge on the ground, inter alia, that appellant, knowing she was insolvent, within twelve months immediately preceding the filing of her petition in bankruptcy transferred, removed and concealed certain personal property, with intent to hinder, delay or defraud her creditors. Appellant contends that the creditors' objections to her discharge on the ground that she had concealed certain assets were made after the last day fixed by the court under Bankruptcy Order 32, 11 U.S.C.A. following section 53, for filing specifications of objections to the discharge. Appellant's brief does not specify error in the referee's holding that the assets were concealed.

■ August 4, 1942, was fixed by the referee as the last day for filing such objections. Thereafter the fraudulent concealment was first discovered by the creditors "through a series of hearings held before the referee." Thereupon objections to the discharge were filed by certain creditors based, in part, upon the newly discovered concealment. Appellant contends

that the referee and the district court were without jurisdiction to consider this newly discovered ground of objection. We do not agree. The court retained jurisdiction over the bankrupt's discharge and was entitled to exercise it at any time upon such evidence, here of fraud, as was then before it. We consider its consideration as the equivalent of an order extending the time to file objections, because of the later discovery of the fraud.

Bankruptcy Order 32 providing that "Any person opposing a discharge shall, on or before the time fixed for the filing of objections to the discharge, file a specification in writing of the grounds of his opposition," should be construed in connection with Section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33, providing that "The court may, upon application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

If appellant's argument were valid, a fraudulent concealment discovered after the date fixed for filing specifications of objections to the discharge and before discharge never could prevent discharge. It would not be within the court's power to consider it before discharge because of Order 32. It could not be considered after discharge because Section 15 permits it only where the "knowledge of the fraud has come to the petitioners since the granting of the discharge."

We agree with the statement of the Second Circuit in Northeastern Real Estate Securities Corp. v. Goldstein, 91 F. 2d 942, 944, that

"* * * If a creditor, who has failed to file any objection whatever on the return day, because he has been misled by the bankrupt's fraud into supposing that he has none, nevertheless discovers a good objection before the discharge is granted, he can apply to the court for leave to plead it. General Order 32 [11 U.S.C.A. following section 53] does not prevent that; the bankrupt's fraud is an excuse for his failure before discharge just as section 15 expressly makes it so, thereafter. The objection itself may be anything; fraud, per-

jury, or mere inability to account for the losses; all that is necessary is that it shall be a good objection and that the bankrupt's fraud shall have prevented its interposition. This is equally true as to a creditor who has pleaded some objections at the return day, but has been prevented from discovering others by the bankrupt's fraud; he too may plead them. It should be observed, however, that in all cases the fraud must thwart discovery of the objection; it has nothing to do with the objection itself."

It is unnecessary to consider another ground of appeal.

The order denying the discharge is affirmed.

Affirmed.