### PAULLY v. MAGNOTTI.
No. 224, Docket 21637.

United States Court of Appeals
Second Circuit.

Argued May 4, 1950.

Decided May 29, 1950.

Sydney Basil Levy, New York City, and Reuben E. Gross, Staten Island, N. Y., for appellant.

Emil J. Reigi, Staten Island, N. Y., Ernest V. Frerichs, Staten Island, N. Y., of counsel, for appellee.

Before L. HAND, Chief Judge, and CHASE and CLARK, Circuit Judges.

L. HAND, Chief Judge.

The trustee appeals from an order of the district judge, denying his petition for leave to file an amended specification of objection to the bankrupt's discharge. The facts were as follows. The bankrupt filed a voluntary petition on July 22, 1948, on which he was adjudicated. The record does not show when the first meeting of creditors was called or when the bankrupt was examined as required by § 55, 11 U.S.C.A. § 91; but presumably this must have been before September 25, 1948, because on that day the trustee filed two specifications of objection to the discharge: (1) that the bankrupt had failed to keep books of account from which his financial condition could be ascertained; and (2) that on December 6, 1947, he had obtained an extension of credit from a creditor by means of a false written statement. The referee held hearings on these specifications on December 2, 1948, and on February 8, 1949, and on March 25, 1949, he dismissed the specifications and granted a discharge. On April 18, 1949, the trustee filed a petition to review his order and on June 22, 1949, the district judge referred the matter back to the referee for all purposes. The referee held another hearing on July 7, 1949, at which the bankrupt testified, but the trustee and his attorney did not appear; and on July 27, 1949, the referee again granted the bankrupt his discharge. On August 2, 1949, the trustee filed a petition to review this order, and on September 2, 1949, the bankrupt moved to dismiss the appeal. The proceedings standing in this position, the bankrupt's motion to dismiss the appeal came on for hearing before another judge, who withheld decision, but sent the case for a third time to the referee "so that the attorney for the trustee may have an opportunity to cross examine the bankrupt and present such other evidence as he may have to support the specifications of objection herein." An order was entered upon this decision on November 15, 1949; and the referee set a hearing for December 1, 1949. Meanwhile on November 15, 1949, the trustee filed the petition at bar asking leave to add as a specification of objection that the bankrupt had made a false oath by alleging in his schedules that he had no books, deeds, or papers, relating to his business or assets. The bankrupt objected to this petition, and on January 12, 1950, the judge denied it. It is from that order that this appeal was taken. The trustee's excuse for failing earlier to insert the new specification is that not until July 7, 1949, could he have known that the bankrupt had had any books and papers, for it was then for the first time that he testified that at the time he sold his business to one, Russo, in 1945, he had turned over to him the "books and papers of your business." The bankrupt's attorney answered by an affidavit alleging that the trustee had learned of the existence of the books long before July 7, 1949, but

he did not allege that this knowledge antedated the date at which the period expired within which specifications might be filed, as fixed under § 14, sub. b, 11 U.S.C.A. § 32, sub. b.

Before its amendment in 1938 § 14 of the Bankruptcy Act required the bankrupt to file a petition for his discharge, after which the court was to hear any objections "at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard." Until 1933 General Order XXXII, 11 U.S.C.A. following section 53, provided that an opposing creditor, or the trustee, need file only his appearance on the return day of the order to show cause which fixed that "reasonable opportunity," and he might then delay filing his specifications for ten days and for so much more time as the judge allowed him. This resulted in a sort of blackmail which the amendment of 1933 was designed to stop by requiring the creditor to file his specifications when he appeared. In Lerner v. First Wisconsin Bank, 294 U.S. 116, 55 S.Ct. 360, 362, 79 L.Ed. 796, the Supreme Court said that this limitation was mandaory, although it was subject to a "discretion sufficient for the successful conduct of proceedings in varying circumstances." Acting upon that qualification, we said in 1937 (although we did not so decide), that fraud was among those excuses which would allow the tardy addition of a new specification.[1] The amendment of 1938 to § 14 changed the practice a little by making the adjudication itself "an application for a discharge"; but it provided that the court should fix a time for "the filing of objections"; and General Order XXXII was amended to require the "specifications" to be filed on or before the day so fixed. The Ninth Circuit in Richey v. Aston, 143 F.2d 442, held that, although under this amendment an objector must still file his specifications before the prescribed period has expired, there might be excuses as before, among which was fraud.

If therefore in the case at bar the trustee continued to be ignorant of the existence of the bankrupt's books and papers until the time had expired which the court had fixed under § 14(b), there was no mandatory objection to his adding the new specification. It does not, indeed, follow that as matter of discretion, the judge might not even so have properly refused him leave, for he might have delayed so long after he did learn the facts that it would have been unfair to introduce the new specification. The circumstances do not however justify a denial of the petition as an exercise of such a discretion. We need not say that it would have been wrong to deny it, if the judge had not sent back the proceeding to the referee on November 15, 1949, in order that the trustee might "cross examine the Bankrupt and present such other evidence as he may have to support the specifications of objection." But by doing that he in effect vacated the grant of the discharge and directed a hearing *de novo;* and, having done so, we can see no reason why upon the new hearing the referee should not have before him the added specification, especially when we remember how closely akin it is to the first of the two existing specifications. The order will therefore be reversed, and the trustee is granted leave to file the new specification, though upon one condition. The referee will deny leave, if the bankrupt succeeds in proving that the trustee knew of the existence of the books and papers before the expiration of the time fixed by the court under § 14(b).

In what we have said we wish to guard against any implication that only fraud will serve as an excuse to an objecting creditor in such cases. We have confined our discussion to that issue because it alone is put forward as an excuse.

Order reversed; cause remanded for further proceedings in accordance with the foregoing opinion.

[1]. Northeastern Real Estate Securities Corp. v. Goldstein, 2 Cir., 91 F.2d 942, 944.