**In the Matter of James Edward MACHEK, Bankrupt.**

**No. 70–387–Bk–J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Dec. 3, 1973.

Herman Ulmer, Jr., Douglas H. Morford, Jacksonville, Fla., for petitioner-appellant.

Victor E. Raymos, Jacksonville, Fla., for bankrupt-appellee.

J. Lawrence Smith, Orange Park, Fla., for trustee.

## ORDER

CHARLES R. SCOTT, District Judge.

Kerr-McGee Chemical Corporation, a creditor of the bankrupt, petitions this Court for review of an order of the Referee in Bankruptcy granting a discharge to the bankrupt. 11 U.S.C. §§ 11a(10) and 67c. There are two issues which the Court is asked to decide. First, whether the filing by a creditor of its objections to discharge after the time provided by the referee for such filing, but before the discharge is granted, prevents the referee from granting the discharge until after a hearing on the objections is held. Specifically, should the discharge be withheld until after a hearing is held when the basis for objecting to the discharge is alleged fraud by the bankrupt which is not discovered until after the time has expired for filing objections to discharge? Second, at the examination of the bankrupt conducted pursuant to Section 21–A of the Bankruptcy Act, 11 U.S.C. § 44, whether the failure of the referee to permit a creditor to call eight witnesses or to cross-examine the bankrupt prevents the referee from properly granting a discharge until opportunity for such examination has been afforded.

The facts need only be briefly stated to understand the questions before the Court. December 25, 1970, was the date fixed as the last day for filing objections to the discharge of the bankrupt in accordance with the provisions of Section 14 of the Bankruptcy Act. 11 U.S.C. § 32. In July 1971, petitioner herein discovered alleged fraud of the bankrupt and filed objections to the discharge on August 26, 1971. The referee had not granted an extension beyond the return date of December 25, 1970, within which to file objections to discharge. The referee set a hearing on the objections to the discharge. The hearing was continued to be reset at a later date after the trustee had conducted an examination under Section 21a of the Bankruptcy Act. An examination before the trustee was held but subsequently he died and a successor trustee was appointed. The successor trustee petitioned for continuation of the examination and named eight persons to be examined. None of these persons has been examined to this date, and petitioner was never afforded the right to cross-examine the bankrupt at the initial examination.

The case of In Re Levin, 176 F. 177 (1st Cir. 1910), established the proposition that the referee may, in his discretion, extend the time for filing objections to discharge, and may do so after the time has expired, as well as before. That case has been uniformly followed. Jackson v. Menick, 271 F.2d 806 (9th Cir. 1959); Rerat v. Fisk Tire, Inc., 28 F.2d 607 (8th Cir. 1928); In Re Brecher, 4 F.2d 1001 (2d Cir. 1925).

Although General Order 32 specifically requires that,

[a]ny person opposing a discharge shall, on or before the time fixed for the filing of objections to the discharge, file a specification in writing of the grounds of his opposition,

and although Rule 22 of the Local Rules for Bankruptcy in the Middle District of Florida provides that,

[c]reditors or other persons in interest opposing the discharge of a bankrupt . . . shall enter their ap-

pearance in opposition thereto on or before the date specified by the Referee as the final day for filing objection to said discharge or any extension thereof   .   .   .,

there can be no doubt that the referee has the discretion to permit the tardy filing of such objections to discharge. Rameson Brothers v. Goggin, 241 F.2d 271 (9th Cir. 1957); Richey v. Ashton, 143 F.2d 442 (9th Cir. 1944); In Re Massa, 133 F.2d 191 (2d Cir. 1943); In Re Legon, 85 F.Supp. 946 (S.D.N.Y. 1949); Cf. Noonan v. Cunard Steamship Co., Ltd., 375 F.2d 69 (2d Cir. 1967).

■ Furthermore if a creditor, who has failed to file any objection whatever on the return day, because he has been misled by the bankrupt's fraud into supposing that he has none, nevertheless discovers a good objection before the discharge is granted, he can apply to the court for leave to plead it. Northeastern Real Estate Securities Corp. v. Goldstein, 91 F.2d 942 (2d Cir. 1937); Richey v. Ashton, 143 F.2d 442 (9th Cir. 1944). The instant case involves an allegation of just this kind of fraud which eluded discovery until after the time for filing objections to discharge had expired but which was discovered before the discharge was actually granted.

It has been argued in this case that petitioner is afforded an adequate and complete remedy under the provisions of 11 U.S.C. § 33. That section provides that the Court may, within a year after a discharge is granted, revoke the discharge if it was obtained through the fraud of the bankrupt, and the knowledge of the fraud has come to the petitioners since the granting of the discharge. Under the facts of this case this revocation of discharge section may provide no remedy whatsoever for petitioner herein.

Petitioner contends that if it is not allowed to raise its objections to discharge at the present time it will be forever barred from doing so. This conclusion is reached by applying General Order 32 and the above-mentioned revocation of discharge section to the facts of this case. Petitioner urges that if the referee's order is allowed to stand whenever fraud comes to the notice of a creditor after the return day set by the referee but before discharge, he will not be able to plead it under General Order 32; and after discharge he may not plead it either, because it came to his notice before discharge, and Section 33 requires that it come to his attention after discharge. Northeastern Real Estate Securities Corp. v. Goldstein, 91 F. 2d 942 (2d Cir. 1937).

In the case of In Re Massa, 133 F.2d 191 (2d Cir. 1943), the Court held that the referee's acceptance of the objections to discharge after the return day, and holding of a hearing upon them, could properly be treated as evidence of the granting of an extension of the time for filing objections, even though no formal order of extension was entered.

■ The crux of the issue before this Court is whether the referee's action in this case of setting a hearing on petitioner's objections to discharge and later cancelling it with a promise to reset it at a later date can be treated as an implied granting of an extension of the time for filing objections. The Court believes that it constitutes such extension and the rule of In Re Massa, supra, is applicable.

■ Petitioner's second objection to the discharge, that it was not given the opportunity to examine eight witnesses or to cross-examine the bankrupt, cannot be divorced from the first issue already discussed. In the case of Northeastern Real Estate Securities Corp. v. Goldstein, 91 F.2d 942 (2d Cir. 1937), the Court of Appeals for the Second Circuit outlined the factors which should be considered by the referee in determining whether to extend the time for filing objections to discharge. Among those factors is "whether the creditor has had enough time to bring the examination to a conclusion; whether anything has yet been unearthed which should be followed up; . . ." Northeastern Real Estate Securities Corp. v.

Goldstein, 91 F.2d 942 at 943–944; *See also*, Paully v. Magnotti, 182 F.2d 466 (2d Cir. 1950).

■ Although a creditor has no absolute right to examine a bankrupt, and the exercise of the right to permit examination rests within the sound discretion of the Court, In Re Kelly, 70 F.2d 730 (5th Cir. 1934), once having permitted the direct examination of the bankrupt a creditor is entitled to cross-examine that bankrupt.

The Court believes that Section 21–A examination in this case was not completed and that petitioner should be afforded the opportunity to cross-examine the bankrupt. Petitioner has no absolute right to examine the other eight witnesses which were requested, but rather, the decision of whether or not to summon them for examination is committed to the sound discretion of the referee. In Re National Grain Corp., 299 F. 597 (2d Cir. 1924); In Re Weidenfeld, 254 F. 677 (2d Cir. 1918); In Re Union Mortgage Inv. Co., 25 F. Supp. 468 (D.Del.1938); In Re Eastern Utilities Investing Corp., 23 F.Supp. 719 (D.Del.1938); In Re Underwriters Finance Corp., 13 F.Supp. 690 (D.C.N.Y. 1935); In Re Andrews, 130 F. 383 (D.C. Mass.1904). Therefore, the question of whether or not to permit the examination of the eight requested witnesses is committed to the sound judicial discretion of the referee and this Court will not overturn the exercise of that discretion unless an abuse can be shown. Therefore, it is

Ordered:

1. Petition for review, filed herein September 19, 1973, is hereby granted.

2. The order of the Referee in Bankruptcy discharging the bankrupt without prejudice, filed herein September 11, 1973, is hereby vacated and set aside with the following instructions:

> Additional examination of the bankrupt, pursuant to Section 21–A, shall be permitted wherein petitioner shall be afforded the opportunity to cross-examine the bankrupt.

After the conclusion of the 21–A examination petitioner shall be provided a hearing on the merits of its Specification of Objections to Discharge.

In determining whether or not to grant a discharge to the bankrupt, the referee shall consider the evidence adduced at the hearing on petitioner's objections to discharge and shall give the evidence such weight as is appropriate.