**In re Anees U. MUFTI, Debtor.**

**John P. STODD, Trustee, Plaintiff,**

**v.**

**Anees U. MUFTI, Defendant.**

**Bankruptcy No. SA 85–00706 PE. Adv. No. SA 85–0675.**

United States Bankruptcy Court, C.D. California.

June 2, 1986.

James N. Barr, Santa Ana, Cal., for plaintiff.

Richard A. Collender, Jr., Wolf & Collender, Santa Ana, Cal., for defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO AMEND COMPLAINT

PETER M. ELLIOTT, Bankruptcy Judge.

The trustee moves to amend his complaint objecting to the discharge of the debtor, Anees Mufti. Finding that the trustee's proposed amendments would be subject to dismissal, I deny the motion.

### BACKGROUND

Mufti filed a petition for relief from his creditors under Chapter 7 of the Bankruptcy Code on March 4, 1985. The first date set for the meeting of creditors required by 11 U.S.C. § 341(a) was April 15, 1985. As a result, the sixty day period to file an adversary complaint objecting to Mufti's discharge would have ended on June 14, 1985. *See* Bankruptcy Rule 4004(a). However, the trustee timely requested two extensions of time to file a complaint objecting to discharge so that the debtor's financial affairs could be more thoroughly examined. *See* Bankruptcy Rule 4004(b). Both requests were granted and the trustee was ultimately given until September 16, 1985 to file a complaint. The second extension order provided that no further extensions would be allowed.

The trustee filed a complaint objecting to Mufti's discharge on September 11, 1985. The complaint, which sounded under 11 U.S.C. § 727(a)(2)(A), alleged that Mufti transferred real property located at 1605 East Huntington Drive in Duarte, California on April 19, 1984, to one Mohammed Sarwar. Mufti allegedly made the transfer in order to hinder, delay, and defraud his creditors. Mufti answered the complaint on October 9, 1985.

On April 1, 1986 the trustee filed the instant motion to amend his complaint. The proposed amended complaint would add allegations beyond the transfer of the property located in Duarte to support the trustee's objection to Mufti's discharge. Those additional allegations may be summarized as follows: (1) Mufti, within one year of bankruptcy, permitted or did himself transfer, remove, or conceal $25,000 of his property with intent to hinder, delay, or defraud a creditor; (2) Mufti, after the commencement of the bankruptcy case, transferred, removed or concealed a 1978 Porsche 924 automobile and real property located at 25651 Maximus Street in Mission Viejo, California which was property of the estate; and (3) Mufti knowingly gave a variety of false oaths or accounts in his schedules of assets and liabilities and his statement of affairs including the false statement that he had not transferred the Duarte property within one year of the bankruptcy and a failure to disclose income from the conveyance of properties.

### DISCUSSION

The trustee asserts that the additional grounds for objection to Mufti's discharge, though admittedly raised after the bar date for discharge complaints, may be added by amendment. He argues that he may amend because the new grounds for objection to discharge stem from the same transaction described in the original complaint or, alternatively, because Mufti concealed the facts which form the basis of the new objections.

A complaint objecting to discharge is an adversary proceeding. Bankruptcy Rule 7001(4). Consequently, Rule 15 of the Federal Rules of Civil Procedure governs the amendment of the trustee's complaint. Bankruptcy Rule 7015. Because an answer has already been served and Mufti opposes the amendment, leave of this court is required for the trustee to amend his complaint. Federal Rule of Civil Procedure 15(a). That leave "shall be freely given when justice so requires." *Id.* However, when amendment would be futile leave to amend may be denied. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

An amendment which would be subject to a motion to dismiss serves no purpose and leave to make that amendment may be denied. *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board of Culinary Workers,* 542 F.2d 1076, 1085 (9th Cir 1976), *cert. denied,* 430 U.S. 940, 97 S.Ct. 1571, 51 L.Ed.2d 787 (1977); 3 *Moore's Federal Practice* ¶ 15.08[4] at 15–80 to 15–81 (2d ed. 1985). A statute of limitations defense may be raised by way of a motion to dismiss. 2A *Moore's Federal Practice* ¶ 12.10 (2d ed. 1985). Thus, leave may be denied when amendment would be futile because the motion to amend is filed after the limitations period has run, the limitations period is brought into issue, and the proposed amendments do not relate back, 3 *Moore's Federal Practice* ¶ 15.08[4] at 15–82 to 15–83 (2d ed. 1985), or do not adequately allege a tolling of the limitations period or some exception to the limitations defense.

The trustee filed this motion to amend his discharge complaint after the bar date for discharge complaints set pursuant to Bankruptcy Rule 4004 and that limitations period has been brought into issue. Thus, the proposed amendments are barred and leave to amend will be denied unless the amendments relate back, *Chaudhry v. Ksenzowski (In re Ksenzowski),* 56 B.R. 819, 829 (Bankr.E.D.N.Y.1985) or an exception to the limitations defense or the tolling of the limitations period has been pleaded.

## I. RELATION BACK

An amended complaint contesting dischargeability which alleged oral misrepresentations does not relate back to the original complaint alleging written misrepresentations, where plaintiff is shifting to new grounds for alleged fraud. Leave to amend should be granted only if a plaintiff is able to correct the deficiencies which led to dismissal. *In re Dean,* 687 F.2d 307 (9th Cir.1982).

In this proceeding, the trustee's original complaint focused solely on the transfer of the real property in Duarte. That pleading cannot have put Mufti on notice of any ground for objection to discharge unrelated to that property transfer. As a result, the bulk of the trustee's proposed amendments do not relate back to the date the original complaint was filed because they bear no relationship to the originally alleged transfer of the property in Duarte.

The only proposed amendment which clearly relates to the property in Duarte consists of an allegation that Mufti gave a false oath or account by falsely stating that he did not transfer the property in Duarte within one year of the bankruptcy. Another proposed amendment alleges Mufti gave a false oath or account by failing to disclose in his statement of affairs income from the conveyance of properties received within the two years before the bankruptcy. This assertion appears broad enough to encompass the transfer of the property in Duarte.

False statements by Mufti regarding the transfer of the property in Duarte is conduct decidedly different from the originally alleged transfer of that property by Mufti with the intent to delay, hinder, and defraud creditors. Neither event is dependent on the other. The original complaint could not have put Mufti on notice that an objection to discharge would also be asserted on the ground that false oaths or statements were made regarding the transfer of the property in Duarte. Consequently, the

trustee's proposed amendments do not relate back.

## II. FRAUDULENT CONCEALMENT

I hold that fraudulent concealment of grounds for objection to discharge tolls the limitation period fixed by Bankruptcy Rule 4004.

The trustee rests his fraudulent concealment argument on cases decided under the Bankruptcy Act of 1898. Those cases allowed a party to raise new grounds for objection to the bankrupt's discharge discovered after the bar date for objections set under former Section 14(b)(1), but before discharge, if the bankrupt's fraud prevented the discovery of the new ground for objection. *Northeastern Real Estate Securities Corp. v. Goldstein*, 91 F.2d 942, 944 (2nd Cir.1937); *accord Richey v. Ashton*, 143 F.2d 442, 443 (9th Cir.1944); *Paully v. Magnotti*, 182 F.2d 466, 468 (2nd Cir.1950). To reach this result the *Northeastern* court looked to former Section 15 which provided for discharge revocation if a party in interest could show that it discovered after discharge that the discharge was obtained through the bankrupt's fraud and that the facts did not warrant a discharge. That section, the *Northeastern* court concluded, "must therefore imply that new objections [to discharge] may be interposed between the return day [the bar date] and discharge." *Northeastern Real Estate Securities Corp.*, 91 F.2d at 944. This was true regardless of whether a timely complaint objecting to discharge had been filed in the first place. *Id.* Moreover, former General Order 32, which provided that objections to discharge must be filed on or before the bar date, was not considered a barrier to the new objections. *Id.*

At first blush, these Act cases seemed to establish a method for allowing late filing or amendment of discharge complaints independent of the court's power to extend the time for filing a discharge complaints under former Section 14b.(1). *See Chaudhry*, 56 B.R. at 829–30 (apparently interpreting *Paully* as establishing a "good

cause" test for the addition of new grounds for objection after passage of the bar date distinct from the court's power to extend the bar date); 4 *Collier on Bankruptcy* § 727.14[4] (15th ed.1985) (distinguishing between bar date extension and fraudulent concealment as means to circumvent the bar date). But after closer examination, it appears that fraudulent concealment merely justified a bar date extension under former Section 14b.(1) which permitted the court or a party to move for an extension before or after expiration of the original bar date. *See e.g. Richey*, 143 F.2d 443 (affirming the trial court's consideration of objections filed after passage of the bar date "as the equivalent of an order extending the time to file objections, because of the later discovery of the fraud."); *Rameson Bros. v. Goggin*, 241 F.2d 271, 274 n. 9 (9th Cir.1957) (citing *Richey* as an extension case); *In re Meckler*, 156 F.Supp. 20, 23 (D.Md.1957) (viewing *Northeastern Real Estate Securities Corp.* and *Richey* as extension cases); *see also Paully*, 182 F.2d at 467 (fraudulent concealment not the only excuse "which would allow the tardy addition of a new objection to discharge."); 1A *Collier on Bankruptcy* ¶ 14.06 n. 10 (14th ed. 1978) (collecting cases allowing extension motions after passage of the bar date and classifying *Northeastern Real Estate Securities Corp.* as an extension case).

When the Bankruptcy Rules were first enacted, extensions of time for filing discharge complaints were available after the passage of the original bar date if excusable neglect could be shown. Former Bankruptcy Rule 404, 906; *Fasson v. Magouirk (In re Magouirk)*, 693 F.2d 948, 950 (9th Cir.1982). The debtor's fraudulent concealment of a ground for objection to discharge was considered to be excusable neglect under Bankruptcy Rule 906. *American Express Co. v. Elliano (In re Elliano)*, 9 B.R. 287, 288 (Bankr.E.D.N.Y.1981) (citing *Paully*); *Menke v. Petersen (In re Petersen)*, 15 B.R. 598, 602 (Bankr.N.D.Iowa 1981).

Under the current Bankruptcy Rules, however, a motion for an extension of the

time to file a complaint objecting to discharge must, pursuant to Bankruptcy Rules 4004(b) and 9006(b)(3), be filed before expiration of the original bar date set by Bankruptcy Rule 4004(a). *E.g. In re McDowell*, 57 B.R. 310 (Bankr.M.D.Pa. 1986); *Chaudhry*, 56 B.R. at 830; *Bradco Supply Corp. v. Lane (In re Lane)*, 37 B.R. 410, 413–14 (Bankr.E.D.Va.1984). Thus, *Northeastern Real Estate Securities Corp.* and its progeny, which allowed post bar date extension motions on a showing of fraudulent concealment, no longer have any force because post bar date extension motions are now expressly prohibited.

Bankruptcy Rule 4004(b) read together with 11 U.S.C. §§ 727(d)(1) and 727(e) creates a Catch 22 situation for the trustee. Under 11 U.S.C. § 727(d)(1) and (e) the trustee or a creditor can move to revoke discharge for fraud of the debtor if the requesting party did not know of the fraud until *after* the discharge was granted. But if the trustee discovers the fraud before discharge but after the last date to object to discharge, he apparently has no remedy. That result defies logic and cannot have been intended by Congress.

■ Fraudulent concealment of a cause of action results in the equitable tolling of federal statutes of limitation in the absence of contrary congressional intent. *Cook v. Deltona Corp.*, 753 F.2d 1552, 1562 (11th Cir.1985); *see generally* 2 *Moore's Federal Practice*, ¶ 3.07[3] at 3–76 (2d ed. 1986). There does not appear to be any reason why the limitations period established by Bankruptcy Rule 4004 for discharge complaints should not be tolled when a ground for an objection to discharge has been fraudulently concealed. Though the question is not now before me, it would seem that the tolling of the limitations period could not extend beyond the date of the debtor's discharge. After discharge, discovery of a debtor's fraudulent concealment of grounds for objection to discharge would fall within the purview of 11 U.S.C. § 727.

■ In any event, the burden is on the party asserting fraudulent concealment to plead and prove its applicability. *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249–50 (9th Cir.1978). To satisfy that burden, the trustee would have to plead with particularity facts showing that he was actively misled and that he had neither actual nor constructive knowledge of the facts constituting his new objections to discharge despite his diligence in trying to discover the pertinent facts. *Id.* The trustee would also have to allege affirmative conduct by Mufti which would, in the circumstances of this case, lead a reasonable person to believe that the new grounds for objection to Mufti's discharge did not exist. *Id.* Silence or passive conduct on the part of Mufti is not deemed fraudulent, unless Mufti has a duty to speak or act. *Id.*

■ The trustee's proposed amended complaint contains no allegations regarding fraudulent concealment of the new grounds for objection to Mufti's discharge which the trustee now wishes to raise. The trustee's declaration filed in conjunction with this motion supports a fraudulent concealment argument, but it does not remedy the deficiencies of the proposed amended complaint. It would be futile, therefore, to grant the trustee leave to file the proposed amended complaint because it would still be subject to a motion to dismiss based on the limitations period set by Bankruptcy Rule 4004.

## CONCLUSION

Because the trustee's proposed amendments do not relate back and because the proposed amended complaint fails to allege fraudulent concealment of the new objections to discharge which he desires to raise, I deny this motion. The denial is without prejudice to the trustee's right to file another motion to amend. Not finding the trustee's motion to be frivolous, I deny Mufti's request for attorney's fees.

IT IS SO ORDERED.